PEOPLE v DICKERSON

1. WITNESSES—CRIMINAL LAW—EXCLUSION OF WITNESSES—DISCRE-
   TION.

   Exclusion of witnesses in a criminal case is discretionary with the
   trial judge.

2. WITNESSES—CRIMINAL LAW—SEQUESTRATION—EXCLUSION OF WIT-
   NESSES—ABUSE OF DISCRETION.

   A court which had ordered that all witnesses in a criminal case
   be sequestered did not abuse its discretion in refusing to allow
   a defense witness to testify where the witness had been in the
   courtroom the first two days of the trial, it was defense coun-
   sel's responsibility to keep his witnesses out of the courtroom,
   and the witness's testimony could have been obtained through
   the defendant's other witnesses.

3. CRIMINAL LAW—PROSECUTORS—REMARKS OF PROSECUTOR—PREJU-
   DICE.

   Remarks of a prosecutor in support of the police department
   made in answer to defense counsel's statement that a police
   officer would be better off for having been shot were not
   prejudicial to a defendant under the circumstances where the
   prosecutor's remarks did not vouch for the credibility of the
   people's witnesses; defense counsel's remarks deserved an an-
   swer.

Appeal from Recorder's Court of Detroit, Clar-
ence Laster, Jr., J. Submitted June 3, 1975, at
Detroit. (Docket No. 18590.) Decided July 21, 1975.

Chester G. Dickerson was convicted of assault
with intent to kill and murder. Defendant appeals.
Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 75 Am Jur 2d, Trial § 61 *et seq.*
[2] Effect of witness' violation of order or exclusion. 14 ALR3d 16.
[3] 75 Am Jur 2d, Trial § 233.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Maura D. Corrigan,* Assistant Prosecuting Attorney, for the people.

*Philo, Maki, Cockrel, Robb, Spearman & Cooper,* for defendant on appeal.

Before: DANHOF, P. J., and R. B. BURNS and R. M. MAHER, JJ.

R. B. BURNS, J. Defendant was found guilty by a jury of assault with intent to kill and murder. MCLA 750.83; MSA 28.278. He appeals and we affirm.

At trial, the prosecution called three eyewitnesses to a shooting, Officer McKinney, Officer Dildy and Russell Mann. The testimony as a whole was substantially the same, but there were some discrepancies as to the sequence of events.

McKinney testified that a car was pulled over to the side of the road for faulty equipment. He asked the defendant-driver for his license and registration. Defendant got out of the car and handed his license and registration to McKinney. Then, a passenger in the rear seat began to leave the car. McKinney grabbed him by the shoulder and asked him where he thought he was going. When McKinney turned back to defendant, he saw defendant with a gun. Defendant shot McKinney four times.

Dildy was next to testify. He testified that while McKinney was checking the driver's license and registration, he ordered all occupants of the car to get out. As Perry Malcon got out of the car, he opened fire at Dildy. There were shots fired prior

to that time. He did hear shooting from where McKinney was located.

Russell Mann testified that both defendant and Malcon had guns in their possession. The shooting began after the officer told them to get out of the car. Defendant and Malcon were shooting guns.

At the commencement of trial, the trial judge ordered that all witnesses be sequestered. After the prosecution's first witness, McKinney, had testified, he remained in the courtroom. After the next witness, Dildy, had testified on direct-examination and was being cross-examined by defense counsel, defense counsel requested that McKinney be excluded from the courtroom. The request was refused.

The law in Michigan is clear that the exclusion of witnesses in a criminal case is discretionary with the trial judge. *People v Insley,* 36 Mich App 593; 194 NW2d 20 (1971). We find no abuse of discretion.

At the commencement of defendant's case, counsel sought to call Sonya Walker. Ms. Walker worked for the Michigan Human Rights Commission and had investigated a complaint that defendant had been beaten by the police *after* the shooting. Ms. Walker had been in the courtroom the first two days of the trial, had been absent the third day of the trial and was present the day she was to be called as a witness. Defense counsel wanted to use her testimony to establish the existence of his subsequent witnesses as witnesses to the alleged kicking and beating of the defendant subsequent to the shooting.

Defense counsel claimed that Ms. Walker was not aware of the court's order of sequestration and that he was not aware of her existence or of the investigation until the third day of the trial. The

judge refused to allow her to testify. He felt that it was counsel's responsibility to keep his witnesses out of the courtroom and that Ms. Walker's testimony could be obtained through defendant's other witnesses. The exclusion of Ms. Walker was within the discretion of the trial court. *People v Marthinson,* 235 Mich 393; 209 NW 99 (1926). We find no abuse of the trial judge's discretion.

Lastly, the defendant claims the prosecutor made remarks in his closing argument that were prejudicial to the defendant. The prosecutor said:

"I didn't come here at 4:37 this evening to defend the Detroit Police Department and I disagree vehemently with Mr. Campbell [defense attorney] when he said that these officers are better officers for having been shot. Like doing—that is a ridiculous theory to ascribe to. We are human beings in a community in which we hope to provide a better life, a safer life for all of the citizens in it and it is attitudes like this towards the police department and I am not defending the police department. There is a lot to be done to reconstruct the community relations with the police department. There is a lot to be done on the side of the police department. I think that one of the most difficult jobs I have here as a Prosecuting Attorney in a minority situation as a black Prosecutor is to contend with the police department on some occasions. But, this is not one of those occasions."

We do not view this remark as vouching for the credibility of the people's witnesses nor do we view these remarks as prejudicial to the defendant under the circumstances in which they were made. Any attorney who would make a statement that a person would be a better person for having been shot, deserves an answer. He got his answer.

Affirmed.