PEOPLE v MUSTAFA

Docket No. 78-3363. Submitted November 13, 1979, at Detroit.—Decided February 21, 1980.

Defendant, Mergim Mustafa, was convicted of third-degree criminal sexual conduct in the Wayne Circuit Court, Joseph B. Sullivan, J. Defendant appeals, alleging error in refusing to suppress the use of evidence of the defendant's prior conviction of criminal sexual conduct for impeachment purposes, in allowing the admission of evidence of a similar act by defendant and in excluding evidence of a reputation for unchastity on the part of a witness who supplied evidence of a similar act. *Held:*

1. Error is indicated where a record on appeal fails to show that the trial judge was aware that he had discretion in determining whether to allow the admission of the defendant's prior conviction and fails to indicate that he considered the appropriate factors. However, that error is not reversible where the evidence of guilt is overwhelming, as here.

2. Evidence of a similar act is admissible if it: 1) is sufficiently similar to the alleged crime so as to show a plan or scheme; 2) the scheme, plan or system in doing the act is material to a matter in issue; and 3) the probative value of the evidence is not substantially outweighed by its prejudicial effect. The court did not err in allowing it.

3. Under a statute and court rule, the trial judge properly excluded evidence relating to the reputation for unchastity of the similar-act witness.

Affirmed.

1. CRIMINAL LAW — PRIOR CONVICTIONS — APPEAL AND ERROR — HARMLESS ERROR.

Error is indicated where a record on appeal fails to show that the trial judge was aware that he had discretion in determining whether to allow the admission of evidence of a defendant's

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error §§ 515-518.

29 Am Jur 2d, Evidence §§ 320, 321, 333.

[2] 29 Am Jur 2d, Evidence § 298.

[3] 65 Am Jur 2d, Rape §§ 82, 86.

prior conviction and fails to indicate that he considered the appropriate factors; however, that error is not reversible where the evidence of guilt is overwhelming.

2. CRIMINAL LAW — EVIDENCE — SIMILAR ACTS.

Evidence of a similar act is admissible if it: 1) is sufficiently similar to the alleged crime so as to show a plan or scheme; 2) the scheme, plan or system in doing the act is material to a matter in issue; and 3) the probative value of the evidence is not substantially outweighed by its prejudicial effect.

3. CRIMINAL LAW — EVIDENCE — REPUTATION EVIDENCE — UNCHAS-TITY.

A trial court correctly excluded evidence of a reputation for unchastity on the part of a witness who supplied evidence of a similar act of a defendant on trial for criminal sexual conduct.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Nels L. Olson,* Assistant Prosecuting Attorney, for the people.

*Martin S. Baum,* for defendant on appeal.

Before: BRONSON, P.J., and D. C. RILEY and E. A. QUINNELL,* JJ.

PER CURIAM. Defendant was convicted by a jury of criminal sexual conduct in the third degree, MCL 750.520d; MSA 28.788(4), and sentenced to 10 to 15 years imprisonment. Defendant appeals as of right.

The defendant first argues that the trial court erred in refusing to suppress the use of evidence of defendant's prior conviction for criminal sexual conduct for impeachment purposes. The trial court apparently made its original ruling on this matter off the record; the present record contains only the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

statement that the court had previously ruled that it would deny defendant's motion to suppress evidence of the prior conviction. Thus, the present record does not clearly indicate that the judge was aware that he had discretion in determining whether to allow the admission of evidence of defendant's prior conviction. This was error. *People v Cherry,* 393 Mich 261; 224 NW2d 286 (1974). Further, the record is devoid of any indication that the trial court considered the factors enunciated in *People v Crawford,* 83 Mich App 35, 39; 268 NW2d 275 (1978). This was also error. It is not necessary to a decision in this case to determine whether the record must reflect the trial court's balancing of the *Crawford* factors, but at a minimum the record must affirmatively show that the trial court was aware of those factors and did consider them, *People v Joyner,* 93 Mich App 554; 287 NW2d 286 (1979), *People v Roberson,* 90 Mich App 196, 204; 282 NW2d 280 (1979) (D. C. RILEY, J., dissenting).

The improper admission of evidence of a prior conviction does not constitute reversible error, however, when there is overwhelming evidence of defendant's guilt. *People v Williams,* 84 Mich App 226; 269 NW2d 535 (1978), *People v Makidon,* 84 Mich App 287; 269 NW2d 568 (1978), *modified* 406 Mich 953 (1979). The evidence of defendant's guilt in this case was overwhelming. In addition to the testimony of the complainant, Abraham Kazbour and Gamal Kazbour both testified that they lived on Wyoming near Dix Street in Dearborn and that they called the police at about 2 to 3 a.m. on the date of this incident because they heard someone screaming for help. Police officers Ronald Bunse and Peter Craven testified that they answered that "radio run" and upon arriving at the scene they found the defendant in a field on top of the complainant with his trousers and underclothing down

around his knees. The complainant was screaming that she was being raped; she had a small abrasion underneath her lip, her hair was in disarray and her clothing was partially off; the keys to complainant's car were found in defendant's pocket. The blue jeans worn by the complainant on that evening were torn at the zipper and were introduced as an exhibit at trial. The defendant's statement to police that he had paid the complainant to perform an act of fellatio, that she had become angry when he took the money back, and that he was not taking her to the field to force her to have intercourse with him when the police came, was patently incredible. Since the evidence against defendant in this case was overwhelming, the silent record regarding the denial of defendant's motion to suppress the use of evidence of his prior conviction was not reversible error.

Defendant next contends that the trial court erred in allowing the admission of evidence of a similar act by the defendant. The trial court correctly admitted evidence of a similar act by the defendant after testing the evidence against the following three-part analysis developed in *People v Oliphant,* 399 Mich 472; 250 NW2d 443 (1976):

1. Were there sufficient similarities in the cases such that they tended to show a plan or scheme or orchestrate the events surrounding the rape so that the complainant could not show nonconsent and the defendant could escape punishment?

2. Was the defendant's scheme, plan or system in doing the act material to a matter in issue, in this case, lack of consent?

3. Was the probative value of the evidence substantially outweighed by unfairly prejudicial effects?

The first requirement in *Oliphant* was met in

this case because the defendant—by selecting victims from bars late in the evening under circumstances where the victims would be voluntarily driving to a secluded spot in the victim's car under his direction and by attacking the victim's moral standards and chastity upon a charge of rape—demonstrated a similar scheme to orchestrate the events surrounding the rape to prevent a showing of nonconsent.

The second requirement was met because the question of nonconsent was material and at issue, as ruled by the trial judge. Defendant's claim that the alleged act of penetration never occurred while complainant was in the field, but that a voluntary act occurred a few moments earlier in the car, did not serve to remove the question of nonconsent. The question of consent was at issue because both defendant and complainant agreed that the sex act took place at some point during the transaction and defendant claimed it was consensual. The presence of that issue distinguishes this case from *People v Rustin,* 406 Mich 527; 280 NW2d 448 (1979); and from *People v Major,* 407 Mich 394; 285 NW2d 660 (1979). Defendant's argument that the consent issue cannot be raised by the prosecution's introduction of a statement by the defendant is without merit because the defendant adopted that statement as his defense and argued it fully during closing argument.

The third *Oliphant* requirement was met because the trial court indicated that it balanced the prejudicial effects against the probative value of the evidence in arriving at its decision. Based on the foregoing analysis, it is the opinion of this Court that the trial court correctly admitted the similar acts evidence under the rule set forth in *People v Oliphant, supra.*

Defendant also claims that the trial court erred in refusing to admit evidence of reputation for unchastity on the part of the similar-act witness. The trial court correctly denied admission of this evidence on the basis of MCL 750.520(j); MSA 28.788(10), and MRE 608.

The statute refers to a "victim", not to a "complainant"; the similar-act witness was as much a victim as to the similar act as was the complainant in the instant case, such that the statute applies as much to her as it does to the complainant.

Defendant's due process and equal protection arguments do not merit discussion.

Affirmed.