PEOPLE v MACK

Docket No. 46739. Submitted June 19, 1980, at Lansing.—Decided March 16, 1981. Leave to appeal applied for.

Kathleen Mack pled guilty but mentally ill to a charge of manslaughter in Ingham Circuit Court and was sentenced to 8 to 15 years in prison, James R. Giddings, J. The trial court also directed the Department of Corrections to provide defendant with intensive individual counseling, including alcohol therapy. Defendant appeals, alleging that she is not receiving the psychiatric treatment which the Department of Corrections is statutorily required to provide and which was impliedly promised by the prosecution when the trial court accepted her plea of guilty but mentally ill. *Held:*

The case must be remanded to the trial court for a hearing to determine the type and length of treatment psychiatrically indicated for defendant and whether the treatment has been and will be provided for her. The trial court shall enter an order requiring that the Department of Corrections be joined as a party to the inquiry and that it set forth the reasons for any failure to provide the requisite treatment. The treatment program found to be appropriate upon conclusion of the hearing shall be implemented by the Department of Corrections with the full cooperation of the prosecutor and defense counsel.

Remanded.

Criminal Law — Sentencing — Guilty But Mentally Ill — Statutes.

A defendant who is found to be guilty but mentally ill and is committed to the custody of the Department of Corrections shall undergo evaluation and be given such treatment as is psychiatrically indicated for his mental illness or retardation (MCL 768.36[3]; MSA 28.1059[3]).

*Frank J. Kelley,* Attorney General, *Robert A.*

References for Points in Headnote
[1] 21 Am Jur 2d, Criminal Law §§ 106, 527.
  60 Am Jur 2d, Penal and Correctional Institutions §§ 52, 56.

*Derengoski,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, *Charles M. Sibert,* Chief Appellate Attorney, and *Janis L. Blough,* Assistant Prosecuting Attorney, for the people.

*James Krogsrud* and *John Nussbaumer,* Assistant State Appellate Defenders, for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and D. E. HOLBROOK, JR., and J. H. PIERCEY,* JJ.

J. H. PIERCEY, J. On May 4, 1979, pursuant to a plea bargain, defendant pled guilty but mentally ill to the charge of manslaughter, MCL 750.321; MSA 28.553, arising out of the September 12, 1978, stabbing death of Betty Jean Taylor. In exchange, the prosecution agreed not to proceed against defendant on another earlier charge, that of assault with intent to commit great bodily harm less than murder, MCL 750.84; MSA 28.279. On May 30, 1979, the trial court sentenced defendant to a prison term of 8 to 15 years and directed that the Department of Corrections provide her with intensive individual counseling, including alcohol therapy.

Defendant alleges on appeal that she is not receiving the psychiatric treatment which the Department of Corrections is statutorily required to provide and which was impliedly promised by the prosecution when the trial court accepted her plea of guilty but mentally ill. MCL 768.36(3); MSA 28.1059(3) provides:

"If a defendant is found guilty but mentally ill or enters a plea to that effect which is accepted by the court, the court shall impose any sentence which could

---

* Circuit judge, sitting on the Court of Appeals by assignment.

be imposed pursuant to law upon a defendant who is convicted of the same offense. If the defendant is committed to the custody of the department of corrections, he shall undergo further evaluation and be given such treatment as is psychiatrically indicated for his mental illness or retardation. Treatment may be provided by the department of corrections or by the department of mental health after his transfer * * *."

The present record does not adequately inform the Court whether or not defendant is receiving proper care. Accordingly, this case must be remanded to the trial court for a hearing to determine the type and length of treatment psychiatrically indicated for defendant and whether the treatment has been and will be provided for her. The trial court shall enter an order requiring that the Department of Corrections be joined as a party to the inquiry and that it set forth the reasons for any failure to provide the requisite treatment. See *People v McLeod,* 407 Mich 632, 653, 664-680; 288 NW2d 909 (1980). The treatment program found to be appropriate upon conclusion of the hearing shall be implemented by the Department of Corrections with the full cooperation of the prosecutor and defense counsel.[1]

The other issue raised by defendant is without merit.

Remanded for proceedings consistent with this opinion.

---

[1] The author of this opinion is aware of procedures and programs which have been instituted by the Department of Corrections and which do enable it to provide proper treatment for persons who have been found guilty but mentally ill and have been committed to its custody.