## PEOPLE v LINZEY

Docket No. 49887. Submitted June 17, 1981, at Lansing.—Decided December 2, 1981.

William B. Linzey was found guilty of armed robbery, but mentally ill, Shiawassee Circuit Court, Peter J. Marutiak, J. He appeals. *Held:*

1. The trial court properly instructed the jury on the verdict of guilty but mentally ill. The instruction did not deprive the defendant of his liberty without due process of law. The record reveals that the jury was not misled into returning a compromise verdict.

2. The defendant's claim that the failure of the Department of Corrections to provide him with psychiatric treatment mandates reversal of his conviction is not properly before the Court of Appeals. The defendant must proceed against the department by seeking a writ of mandamus.

3. The trial court properly instructed the jury regarding the consequences of a verdict of not guilty by reason of insanity. In addition, the defendant failed to object to the instruction in the trial court, and no manifest injustice was shown.

4. The finding by the jury that the defendant was mentally ill did not preclude the finding that he had the specific intent necessary for a conviction of armed robbery.

5. The trial court did not abuse its discretion in permitting a sequestered witness who had consulted with the prosecutor relative to another witness's testimony subsequent to the sequestration to testify. The record reveals that the trial court

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 81.
  21A Am Jur 2d, Criminal Law § 649.
  75 Am Jur 2d, Trial § 738.
[2] 52 Am Jur 2d, Mandamus §§ 73, 89, 128.
[3-5, 7] 21 Am Jur 2d, Criminal Law § 81.
[4] 75 Am Jur 2d, Trial § 738.
[5] 67 Am Jur 2d, Robbery §§ 4, 9.
[6] 75 Am Jur 2d, Trial §§ 61, 62.
[7] 21 Am Jur 2d, Criminal Law § 109.

was not asked to caution the witness against discussing the evidence and that the sequestration order was not violated.

6. The trial court had no duty to obtain a report from the Center for Forensic Psychiatry prior to imposing a prison sentence upon the defendant.

Affirmed.

1. CRIMINAL LAW — JURY INSTRUCTIONS — GUILTY BUT MENTALLY ILL — DUE PROCESS.

The section of the Code of Criminal Procedure which requires a trial court to instruct the jury on the verdict of guilty but mentally ill where warranted by the evidence does not deny a defendant his right to due process of law (Const 1963, art 1, § 17, MCL 768.29a; MSA 28.1052[1]).

2. MANDAMUS — CRIMINAL LAW — GUILTY BUT MENTALLY ILL — DEPARTMENT OF CORRECTIONS — BREACH OF DUTY.

The appropriate remedy for an inmate who has been found to have been guilty of a crime, but mentally ill, and who has not received the psychiatrically indicated treatment required to be provided by the Department of Corrections is a complaint for a writ of mandamus against the department to enforce its duty (MCL 768.36[3]; MSA 28.1059[3]).

3. CRIMINAL LAW — GUILTY BUT MENTALLY ILL — SENTENCING — PSYCHIATRIC TREATMENT RESOURCES.

A trial court, prior to imposing sentence on a defendant found to be guilty but mentally ill, may look into the resources available to provide psychiatric treatment for the defendant but is not required to do so.

4. CRIMINAL LAW — JURY INSTRUCTIONS — INSANITY DEFENSE — CONSEQUENCES OF VERDICTS.

A trial court may instruct a jury, *sua sponte,* regarding the consequences of a verdict of not guilty by reason of insanity.

5. ROBBERY — ARMED ROBBERY — GUILTY BUT MENTALLY ILL — SPECIFIC INTENT.

A verdict of guilty of armed robbery, but mentally ill, does not preclude a finding that the defendant had the specific intent necessary for the armed robbery conviction; it does not follow that a person determined to be mentally ill as defined by the Mental Health Code necessarily has diminished capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law (MCL 768.21a; MSA 28.1044[1]).

6. Witnesses — Criminal Law — Sequestration of Witnesses — Cautioning of Witnesses.

The exclusion of witnesses from the courtroom or the ordering of sequestered witnesses not to discuss the evidence while outside the courtroom in a criminal case is within the discretion of the trial court, and failure to caution witnesses and thereafter permitting the witnesses to testify during trial does not constitute error requiring reversal absent an abuse of discretion in ruling on a request for such a warning.

7. Criminal Law — Sentencing — Guilty But Mentally Ill — Psychiatric Evaluation.

A trial court is not required to obtain an evaluation of a defendant found to be guilty of a crime, but mentally ill, from the Center for Forensic Psychiatry prior to imposing a prison sentence; however, such an evaluation must be obtained prior to sentencing such a defendant to probation (MCL 768.36[3], [4]; MSA 28.1059[3], [4]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *David E. McClernan,* Prosecuting Attorney, and *Leonard J. Malinowski,* Assistant Attorney General, for the people.

*Terrance P. Dignan,* for defendant on appeal.

Before: T. M. Burns, P.J., and D. E. Holbrook, Jr., and K. B. Glaser,* JJ.

Per Curiam. Following a jury trial, defendant was found guilty on two counts of armed robbery, but mentally ill, MCL 750.529; MSA 28.797. He was sentenced to a term of from 3 to 20 years in prison and appeals as of right.

Defendant raises six allegations of error which will be dealt with *seriatim.* The facts will be discussed as necessary.

Defendant first contends that the trial court erred by instructing the jury, over objection, on

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the verdict of guilty but mentally ill. The trial court was required by statute to give the instruction on guilty but mentally ill where evidence was presented by defendant supporting a defense of insanity. MCL 768.29a; MSA 28.1052(1). Defendant argues that this statute is unconstitutional in that it encourages compromise verdicts, depriving him of liberty without due process of law contrary to Const 1963, art 1, § 17. Another panel of this Court addressed this issue in *People v Thomas,* 96 Mich App 210, 221; 292 NW2d 523 (1980), and stated:

"The language of the statute imposes a duty on trial judges to use this instruction where the evidence warrants it. While trained professionals may better understand the distinction between a not guilty by reason of insanity verdict and a guilty but mentally ill verdict, MCL 768.36; MSA 28.1059 offers sufficient guidance in this respect."

As in that case, there is no evidence here that the jury was misled into returning a compromise verdict or was improperly instructed, and we find no error.

Defendant next contends that the failure of the Department of Corrections to provide psychiatric treatment in conformity with MCL 768.36(3); MSA 28.1059(3) mandates reversal of his conviction. Since the affidavits containing the allegations are not part of the official trial record, the issue is not reviewable by this Court. The proper remedy for defendant is to proceed by writ of mandamus against the Department of Corrections if psychiatric treatment fails to materialize. *People v Tenbrink,* 93 Mich App 326, 331; 287 NW2d 223 (1979).

Furthermore, while there is no doubt that a sentencing judge *may,* prior to sentencing, look

into the resources available to provide psychiatric treatment, we know of no *requirement* that he do so. *People v McLeod,* 407 Mich 632; 288 NW2d 909 (1980).

Defendant contends that it was error for the trial court to instruct the jury, *sua sponte,* as to the consequences of a verdict of not guilty by reason of insanity. This same argument was addressed and rejected in *Thomas* and *Tenbrink.* The analyses and holdings in those cases apply equally here. Furthermore, defendant failed to object to the instruction, and we find no manifest injustice.

Defendant next takes the position that finding him mentally ill necessarily precludes a finding that he had the specific intent necessary for a conviction of armed robbery. In *People v Bruce Ramsey,* 89 Mich App 468, 471-472; 280 NW2d 565 (1979), a similar question was raised with respect to a first-degree murder charge and was rejected, the Court stating:

"It does not necessarily follow that a person with a 'substantial disorder of thought or mood which significantly impairs judgment, behavior, capacity to recognize reality, or ability to cope with the ordinary demands of life', MCL 330.1400(a); MSA 14.800(400a), is incapable of deliberation and premeditation."

The same rationale applies here.

Defendant is confusing the definition of mental illness with the defense of diminished capacity which is included in the definition of insanity set forth in MCL 768.21a; MSA 28.1044(1). See *People v Mangiapane,* 85 Mich App 379; 271 NW2d 240 (1978). It does not follow that being mentally ill as defined by the Mental Health Code necessarily means that the person has diminished capacity either to appreciate the wrongfulness of his con-

duct or to conform his conduct to the requirements of law.

Defendant also contends that the trial court erred by permitting a prosecution witness to testify, where the witness had consulted with the prosecutor as to another witness's testimony after the court had ordered sequestration. This issue was addressed in *People v Stanley,* 71 Mich App 56, 62; 246 NW2d 418 (1976), in which a panel of this Court ruled:

"The exclusion of witnesses from the courtroom is within the discretion of the trial judge, *People v Dickerson,* 62 Mich App 457; 233 NW2d 612 (1975). So too is the ordering of the sequestered witnesses not to discuss the evidence while outside the courtroom. *Langel v United States,* 451 F2d 957 (CA 8, 1971), *United States v Chiarella,* 184 F2d 903 (CA 2, 1950), *rev'd on other grounds* 341 US 946; 71 S Ct 1004; 95 L Ed 1370 (1951). We question the efficacy of a sequestration order, however, if the witnesses are not ordered not to discuss the evidence.

\* \* \*

"Failure to so caution the witnesses, however, does not constitute reversible error absent abuse of discretion in ruling on a request for such a warning."

Here, as in *Stanley,* the trial court was not asked to caution the witness against discussing the evidence, and, since there was no violation of the sequestration order, there was no abuse of discretion in permitting the witness to testify.

The final issue raised by defendant on this appeal is whether failure to obtain a report from the Center for Forensic Psychiatry before sentencing a defendant found to be guilty but mentally ill to a prison term constitutes error. Our interpretation of subsections (3) and (4) of MCL 768.36; MSA 28.1059 shows that it was not. The intent of the

Legislature is the primary consideration. *Dussia v Monroe County Employees Retirement System,* 386 Mich 244, 248; 191 NW2d 307 (1971).

The Michigan Supreme Court construed subsection (4), in connection with a due process argument, as requiring such a report. *McLeod, supra,* 658. Subsection (4) specifically requires that where a defendant is placed on probation "under the jurisdiction of the sentencing court", the trial judge must make treatment a condition of probation *"upon recommendation of the center for forensic psychiatry".*

The absence of the above-emphasized language in subsection (3), which provides for those defendants "committed to the custody of the department of corrections" to "undergo further evaluation and be given such treatment as is psychiatrically indicated", is significant. The obvious intent of the Legislature was to assure that in each case a defendant is evaluated so that appropriate treatment may be provided. When a defendant is committed to the Department of Corrections, expertise for evaluation and treatment is readily available, and the department is required to utilize such expertise for the defendant's benefit. However, when a defendant is to be released on probation, such expertise is not necessarily available. Subsection (4) mandates that an evaluation from the Center for Forensic Psychiatry be obtained in order to assure that the trial judge will know of the mental condition of the defendant and will make a better informed probation tenure.

We find no error. Affirmed.