PEOPLE v DELAUGHTER

*Docket No. 61585. Submitted December 21, 1982, at Detroit.—Decided March 21, 1983.*

Defendant, David Delaughter, was found guilty by a jury in the Detroit Recorder's Court, Justin C. Ravitz, J., of voluntary manslaughter but mentally ill. Defendant appeals alleging the trial court erred in its instructions on voluntary manslaughter and in its instructions on a guilty but mentally ill verdict. *Held:*

1. A party may not assign as error the failure to give an instruction unless he specifically objected at trial to such failure. Here, no objection was raised to the court's instructions at trial. The failure of a court to instruct on any point of law in a criminal trial is not a ground for setting aside a guilty verdict unless an instruction on that point was requested by defendant or his counsel. Nevertheless, the Court of Appeals has developed the policy of reviewing jury instructions in their entirety to prevent any manifest injustice. The omission of an essential element of the charged offense from the instructions may constitute such a manifest injustice.

2. The combination of giving an instruction on voluntary manslaughter as a lesser-included offense, CJI 16:4:02, after an instruction on second-degree murder, 16:3:01, was sufficient to apprise the jury that a conviction of voluntary manslaughter requires that the defendant had the intent either to kill or do serious bodily harm. Reading the instructions in their entirety, there was no manifest injustice.

3. A guilty but mentally ill verdict encompasses findings of

References for Points in Headnotes

[1, 2] 5 Am Jur 2d, Appeal and Error §§ 623, 891.
   75 Am Jur 2d, Trial §§ 915, 916.
[3] 5 Am Jur 2d, Appeal and Error §§ 891-894.
[4] 40 Am Jur 2d, Homicide §§ 7, 10.
[5] 40 Am Jur 2d, Homicide § 499.
   75 Am Jur 2d, Trial § 876 *et seq.*
[6-8] 21 Am Jur 2d, Criminal Law § 81 *et seq.*
[7, 8] 75 Am Jur 2d, Trial §§ 576 *et seq.*, 738 *et seq.*

both criminal responsibility and mental illness. The purposes of such a verdict are, first, to ensure that criminally responsible but mentally ill defendants obtain professional treatment while incarcerated or on probation and, second, to ensure that such defendants will not be returned to the streets without having received necessary psychiatric care after sentencing.

4. The trial court properly informed the defendant that it would give a jury instruction which explains the disposition of a defendant if found guilty but mentally ill, CJI 7:8:10, if requested by either the defense or the jury. Defense counsel, however, did not consent to its inclusion. Therefore, the Court of Appeals did not find that the jury was erroneously given a somehow "illusory intermediate verdict for compromise" as argued by defendant.

5. The statute regarding a finding of guilty but mentally ill offers sufficient guidance to prevent a jury from being misled into a compromise verdict. By instructing the jury pursuant to the standard instruction regarding the meanings of mental illness, mental retardation, and legal insanity and the standard instruction regarding the definition of guilty but mentally ill the trial court complied with the statute regarding a finding of guilty but mentally ill.

6. There is no evidence that the jury was misled into returning a compromise verdict or was improperly instructed.

Affirmed.

1. APPEAL — PRESERVING QUESTION — JURY INSTRUCTIONS — FAILURE TO INSTRUCT JURY — COURT RULES.

A party may not assign as error the failure to give an instruction unless he specifically objects at trial thereto (GCR 1963, 516.2).

2. APPEAL — CRIMINAL LAW — JURY INSTRUCTIONS — FAILURE TO INSTRUCT JURY.

The failure of a court to instruct on any point of law in a criminal trial is not a ground for setting aside a guilty verdict unless the instruction was requested by defendant or his counsel (MCL 768.29; MSA 28.1052).

3. APPEAL — CRIMINAL LAW — JURY INSTRUCTIONS — MANIFEST INJUSTICE.

The Court of Appeals has developed a policy of reviewing jury instructions in their entirety in order to prevent any manifest injustice; the omission of an essential element of the charged offense from the instructions may constitute such a manifest injustice.

4. CRIMINAL LAW — MANSLAUGHTER.

An essential element of the crime of voluntary manslaughter is that the defendant must have had an intent to either kill or commit serious bodily harm (MCL 750.321; MSA 28.553).

5. CRIMINAL LAW — JURY INSTRUCTIONS — MANSLAUGHTER.

A jury is sufficiently apprised in a trial for voluntary manslaughter that a conviction of voluntary manslaughter requires that the defendant had the intent either to kill or do serious bodily harm where the trial court instructed the jury pursuant to the criminal jury instruction on second-degree murder followed by an instruction on voluntary manslaughter as a lesser-included offense (CJI 16:3:01, 16:4:02).

6. CRIMINAL LAW — GUILTY BUT MENTALLY ILL — PURPOSE OF VERDICT.

The purposes of a guilty but mentally ill verdict are, first, to ensure that criminally responsible but mentally ill defendants obtain professional treatment while incarcerated or on probation and, second, to ensure that a criminally responsible and mentally ill individual will not be returned to the streets without having received necessary psychiatric care after sentencing; such a verdict encompasses findings of both criminal responsibility and mental illness. (MCL 768.36[1]; MSA 28.1059[1]).

7. CRIMINAL LAW — JURY INSTRUCTIONS — GUILTY BUT MENTALLY ILL — REQUEST FOR INSTRUCTIONS.

The drafters of Michigan's Criminal Jury Instructions included an instruction which explains the disposition of a defendant who is found guilty but mentally ill in order to alleviate fears that a jury may misinterpret the effect of a guilty but mentally ill verdict; a trial court may properly inform the parties in a criminal action that he will give such an instruction if requested by the defense or the jury (CJI 7:8:10; MCL 768.36[1]; MSA 28.1059[1]).

8. CRIMINAL LAW — GUILTY BUT MENTALLY ILL — JURY INSTRUCTIONS.

The statute regarding findings of guilty but mentally ill offers sufficient guidance to prevent a jury from being misled into a compromise verdict; a trial court complied with the statute in an action wherein the defendant was found guilty of voluntary manslaughter but mentally ill where the court instructed the jury pursuant to the criminal jury instruction regarding the meanings of mental illness, mental retardation, and legal insanity followed by the instruction regarding the definition of

guilty but mentally ill (CJI 7:8:01, 7:8:09; MCL 768.36; MSA 28.1059).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*Mark Granzotto,* for defendant on appeal.

Before: V. J. BRENNAN, P.J., and M. J. KELLY and J. M. GRAVES,* JJ.

M. J. KELLY, J. Defendant was found guilty by a jury of committing voluntary manslaughter, MCL 750.321; MSA 28.553, but mentally ill, MCL 768.36(1); MSA 28.1059(1). The jury rejected defendant's defense of insanity. Defendant was sentenced to a term of from 10 to 15 years in prison. He appeals as of right.

## I

Defendant argues first that the trial court erred in its instructions on voluntary manslaughter because the jury was not instructed on the element of intent. No objection was raised to the court's instructions at trial. Pursuant to court rule, no party may assign as error the failure to give an instruction unless he specifically objects at trial thereto. GCR 1963, 516.2. The failure of a court to instruct on any point of law in a criminal trial is not a ground for setting aside a guilty verdict unless the instruction was requested by defendant or his counsel. MCL 768.29; MSA 28.1052. Never-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

theless, to assure that an accused will not be erroneously convicted of crimes, this Court has developed the policy of reviewing jury instructions in their entirety to prevent any manifest injustice. See, *e.g.*, *People v Williams*, 114 Mich App 186, 202; 318 NW2d 671 (1982). The omission of an essential element of the charged offense from the instructions may constitute such a manifest injustice. See *People v Elmore*, 94 Mich App 304, 307; 288 NW2d 416 (1979).

An essential element of voluntary manslaughter is that the defendant must have had an intent to either kill or commit serious bodily harm. *People v Townes*, 391 Mich 578, 589; 218 NW2d 136 (1974). In the instant case, the jury was instructed on second-degree murder, pursuant to CJI 16:3:01. These instructions included the element of intent. Instructions on voluntary manslaughter were given as a lesser-included offense, pursuant to CJI 16:4:02. When CJI 16:4:02 is given immediately after the giving of CJI 16:3:01, there is little danger that the jury would be led astray by the failure to include the intent element within CJI 16:4:02. *Cf. People v Mroue*, 111 Mich App 759, 767; 315 NW2d 192 (1981) (same observation as to the failure to include "without justification or excuse" in a voluntary manslaughter instruction). The giving of CJI 16:4:02 informed the jury that voluntary manslaughter occurs when a killing which would otherwise be murder takes place when the defendant is under the influence of passion. The combination of giving CJI 16:4:02 after CJI 16:3:01 is sufficient to apprise a jury that a conviction of voluntary manslaughter requires that the defendant had the intent either to kill or do serious bodily harm. Reading the jury instructions in their entirety, we find no manifest injustice.

## II

Defendant argues next that the option given to the jury of returning a verdict of guilty but mentally ill created "a tempting but legally illusory intermediate verdict for compromise". The purposes of the guilty but mentally ill verdict are, first, to ensure that criminally responsible but mentally ill defendants obtain professional treatment while incarcerated or on probation and, second, to ensure that a criminally responsible and mentally ill individual will not be returned to the streets without having received necessary psychiatric care after sentencing. *People v Booth,* 414 Mich 343, 353-354; 324 NW2d 741 (1982). A guilty but mentally ill verdict encompasses findings of both criminal responsibility and mental illness. *Booth, supra,* p 356. In order to alleviate fears that a jury may misinterpret the effect of a guilty but mentally ill verdict, the drafters of Michigan's Criminal Jury Instructions included an instruction which explains the disposition of a defendant who is found guilty but mentally ill. See CJI 7:8:10. The trial court in the instant case stated that it would give this instruction if requested by either the defense or the jury. We find this was a proper course for the trial court to follow. Notwithstanding two on-the-record offers by the court to give the disposition instruction, defense counsel did not consent to its inclusion in the court's charge. When counsel does not agree to having the jury informed of the consequences of a guilty but mentally ill verdict, we cannot find that the jury was erroneously given a somehow "illusory intermediate verdict for compromise".

MCL 768.36; MSA 28.1059 offers sufficient guidance to prevent a jury from being misled into a compromise verdict. See *People v Thomas,* 96 Mich

App 210, 221; 292 NW2d 523 (1980). In the instant case, by instructing the jury pursuant to CJI 7:8:01 (the meanings of mental illness, mental retardation, and legal insanity) and CJI 7:8:09 (definition of guilty but mentally ill), the trial court complied with MCL 768.36; MSA 28.1059. We find no evidence that the jury was misled into returning a compromise verdict or was improperly instructed. We find no error. Accord, *Thomas, supra,* p 221; *People v Linzey,* 112 Mich App 374, 377; 315 NW2d 550 (1981).

Affirmed.