PEOPLE v TONER

Docket No. 65143. Submitted March 7, 1983, at Detroit.—Decided May 3, 1983. Leave to appeal applied for.

Richard D. Toner, pursuant to a plea-bargain agreement, entered a plea of guilty but mentally ill to a charge of burning real property other than a dwelling house, Midland Circuit Court, David S. DeWitt, J. Defendant appeals, claiming that the Department of Corrections is not providing sufficient psychiatric treatment and asserting that he is entitled to a hearing before the sentencing court on that issue. *Held:*

While a sentencing court, prior to sentencing, may inquire as to the resources available to provide the psychiatric treatment mandated by the guilty but mentally ill statute, the sentencing court is not the appropriate forum to consider whether the Department of Corrections is providing the treatment mandated by the statute. The appropriate remedy where there is a claim of insufficient treatment is by a complaint for a writ of mandamus brought against the Department of Corrections.

Affirmed.

CRIMINAL LAW — GUILTY BUT MENTALLY ILL — DEPARTMENT OF CORRECTIONS — MANDAMUS.

The appropriate remedy for an inmate who has been found to have been guilty of a crime, but mentally ill, and who has not received the psychiatrically indicated treatment required to be provided by the Department of Corrections is a complaint for a writ of mandamus against the department to enforce its duty (MCL 768.36[3]; MSA 28.1059[3]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Gerald L. White,* Prosecuting Attorney, and *Norman W. Donker,* Senior Assistant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 129.
52 Am Jur 2d, Mandamus § 376.

State Appellate Defender (by *John Nussbaumer),* for defendant on appeal.

Before: J. H. GILLIS, P.J., and HOOD and M. R. KNOBLOCK,* JJ.

M. R. KNOBLOCK, J. Pursuant to a plea-bargain agreement, defendant pled guilty but mentally ill to the charge of burning real property other than a dwelling house, MCL 750.73; MSA 28.268, and on November 23, 1981, was sentenced to three and one-half to ten years confinement. He appeals as of right raising one issue.

Defendant claims he is not being provided sufficient psychiatric treatment by the Department of Corrections and asserts he is entitled to a hearing before the sentencing court on that issue. The people oppose this assertion, alleging the appropriate remedy under these circumstances is a complaint for a writ of mandamus to the Department of Corrections to compel performance of its statutory duty. We agree.

The applicable statute provides, in relevant part, as follows:

"If a defendant is found guilty but mentally ill or enters a plea to that effect which is accepted by the court, the court shall impose any sentence which could be imposed pursuant to law upon a defendant who is convicted of the same offense. If the defendant is committed to the custody of the department of corrections, he shall undergo further evaluation and be given such treatment as is psychiatrically indicated for his mental illness or retardation. Treatment may be provided by the department of corrections or by the department of mental health after his transfer pursuant to sections 1000 or 1002 of Act No. 258 of the Public Acts of 1974,

* Circuit judge, sitting on the Court of Appeals by assignment.

being sections 330.2000 or 330.2002 of the Michigan Compiled Laws." MCL 768.36(3); MSA 28.1059(3).

Without question, a defendant who enters a plea of guilty but mentally ill and is committed to the custody of the Department of Corrections is entitled to "such treatment as is psychiatrically indicated". Several panels of this Court have previously held that the appropriate remedy for a defendant, who alleges failure of the Department of Corrections to provide such treatment, is a writ of mandamus. *People v Sorna,* 88 Mich App 351; 276 NW2d 892 (1979); *People v Tenbrink,* 93 Mich App 326; 287 NW2d 223 (1979); *People v Linzey,* 112 Mich App 374; 315 NW2d 550 (1981). Though a sentencing court may inquire, prior to sentencing, as to the resources available to provide such treatment, *People v McLeod,* 407 Mich 632; 288 NW2d 909 (1980), we deem the sentencing court to be an inappropriate forum to test the sufficiency of the Department of Corrections' compliance with its statutory duty.

We also consider defendant's reliance, in support for his position, on *People v Mack,* 104 Mich App 560; 305 NW2d 264 (1981), to be misplaced. We read the issue in *Mack* to be a claim of an unfulfilled plea bargain and, to the extent it can be construed as requiring a sentencing court to inquire into the sufficiency of the Department of Corrections' statutory compliance, we decline to follow it.

Affirmed.