STATE OF NEBRASKA, APPELLEE, V. TROY A. HESS, APPELLANT.

402 N.W.2d 866

Filed March 27, 1987.    No. 86-539.

Thomas M. Kenney, Douglas County Public Defender, and Victor Gutman, for appellant.

Robert M. Spire, Attorney General, and Mark D. Starr, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

Defendant was convicted in a jury trial of an October 19, 1985, second degree murder. On appeal he assigns as error the action of the district court in overruling his motion for a mistrial because of a violation of the court's ordered sequestration of the witnesses.

At the commencement of the trial defense counsel stated to the court: "Before we start may I make a motion to sequester all witnesses, please?" to which the court replied, "Motion sustained."

The record discloses that during the first recess, which interrupted the testimony of Bo Bonn, the State's initial witness, Bonn visited with the prosecuting attorney in the latter's office in the presence of Tony Hutchinson and Todd Tillman. Those two men testified immediately following the testimony of Bonn. Nothing is disclosed as to any conversation had except that the witness Bonn said the prosecuting attorney asked him to draw a diagram positioning certain people. The testimony of neither Hutchinson nor Tillman indicated the nature of the conversation in the prosecutor's office nor whether in fact one had occurred. In other words, the defendant has made no showing of prejudice, which is necessary to constitute reversible error due to a violation of a sequestration order. *State v. Bradley*, 210 Neb. 882, 317 N.W.2d 99 (1982).

Beyond the question of prejudice there was no evidence of a violation of the court's order of sequestration. Generally speaking, a request for sequestration of witnesses is a request that they be excluded from the courtroom until called to testify. *Swartz v. State*, 121 Neb. 696, 238 N.W. 312 (1931); *Maynard v. State*, 81 Neb. 301, 116 N.W. 53 (1908). A sequestration order

alone does not automatically put the witnesses on notice that they are not to discuss their testimony with other witnesses. *People v Davis*, 133 Mich. App. 707, 350 N.W.2d 796 (1984). If a party desires to extend a sequestration order to prohibit discussion of proposed testimony between or among the various witnesses, such a request must specifically be made. *People v Davis, supra*. Cf. *State v. Bautista*, 193 Neb. 476, 227 N.W.2d 835 (1975).

There was no prejudicial error committed in the trial of this cause, and the judgment of the district court is affirmed.

AFFIRMED.