COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RONALD LEWIS KENNEDY,

        Defendant-Appellant.

UNPUBLISHED
December 4, 2014

No. 316985
Oakland Circuit Court
LC No. 2013-244509-FC

Before: RIORDAN, P.J., and SAAD and TALBOT, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of second-degree murder, MCL 750.317, assault with intent to murder, MCL 750.83, and domestic violence, third offense, MCL 750.81(4). Defendant stabbed his wife and fatally stabbed a male victim, Charles Shiffman.

Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to concurrent prison sentences of 70 to 150 years for second-degree murder, 40 to 80 years for assault with intent to murder, and 3 to 15 years for the domestic violence conviction. We affirm.

I. INEFFECTIVE ASSISTANCE OF COUNSEL

A. STANDARD OF REVIEW

Defendant first contends that he was denied the effective assistance of counsel on several occasions. "In order to preserve the issue of effective assistance of counsel for appellate review, the defendant should make a motion in the trial court for a new trial or for an evidentiary hearing." *People v Sabin (On Second Remand)*, 242 Mich App 656, 658; 620 NW2d 19 (2000). Because defendant failed to do so, our review is limited to errors apparent on the record. *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004).

B. ANALYSIS

"Effective assistance of counsel is presumed, and the defendant bears a heavy burden to prove otherwise." *People v Mack*, 265 Mich App 122, 129; 695 NW2d 342 (2005). To establish a claim for ineffective assistance of counsel, a defendant first must establish that "counsel's representation fell below an objective standard of reasonableness." *People v Vaughn*, 491 Mich 642, 669; 821 NW2d 288 (2012) (quotation marks and citation omitted); see also *Strickland v*

*Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). Second, the defendant must show that trial counsel's deficient performance prejudiced his defense, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Vaughn*, 491 Mich at 669 (quotation marks and citation omitted); see also *Strickland*, 466 US at 687.

Defendant argues that he was denied the effective assistance of counsel in the context of the admission of prior acts of domestic violence. The prosecution moved to admit evidence of defendant's prior acts of domestic violence under MCL 768.27b. Defense counsel objected, arguing that the evidence was not relevant to second-degree murder, that defendant intended to plead to domestic violence, and that defense counsel intended to argue that defendant's intent was less than intent to commit murder.

The trial court found that the domestic violence evidence was relevant and not unfairly prejudicial to the assault with intent to murder charge (against defendant's wife). However, the trial court agreed that the evidence had no apparent relevance to the second-degree murder charge (against the male victim), and it posed a risk of unfair prejudice and confusion. However, the court found that a limiting instruction would suffice to alleviate any prejudice. The trial court thereafter gave a limiting instruction, informing the jury that it could consider the prior domestic violence evidence only in context of the assault with intent to murder charge, not second-degree murder.

Defense counsel's performance did not fall below an objective standard of reasonableness. *Vaughn*, 491 Mich at 669. Defense counsel challenged the prosecution's actions, specifically arguing that the disputed evidence should be excluded. While defense counsel did not succeed in his objections, that is not the test for ineffective assistance of counsel. *People v Williams*, 240 Mich App 316, 332; 614 NW2d 647 (2000) ("[t]he fact that the strategy chosen by defense counsel did not work does not constitute ineffective assistance of counsel.").

Furthermore, the trial court agreed that the evidence was not relevant to the second-degree murder charge and was prejudicial. The trial court selected the remedy it deemed appropriate, namely, a limiting instruction. Defendant has not identified any further action his trial counsel could have taken to alter the trial court's ruling. *People v Thomas*, 260 Mich App 450, 457; 678 NW2d 631 (2004) (counsel is not ineffective for failing to follow a futile course of action). Because defense counsel challenged the disputed evidence, there is no basis to conclude that he abdicated his role in providing effective assistance of counsel.[1]

In his Standard 4 brief, defendant also contends that defense counsel provided ineffective assistance of counsel when informing him that he faced a prison sentence of 30 years if convicted of second-degree murder. According to defendant, this advice caused him to reject the prosecutor's plea offer of 25 years. In actuality, however, the trial court eventually sentenced defendant to a term of 70 to 150 years on the second-degree murder conviction. However, there is no evidence on the record that defense counsel faltered in this regard.

---

[1] We also note that defendant only raises this issue in context of ineffective assistance of counsel.

-2-

"In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v Cooper*, __ US __; 132 S Ct 1376, 1384; 182 L Ed 2d 398 (2012). A defendant has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). In the instant case, there is no record evidence to support defendant's claim. In fact, in a recorded jailhouse conversation, defendant referenced that he may be facing life imprisonment if convicted. Thus, the only record evidence indicates that defendant was aware of the consequences of a conviction. Accordingly, defendant has failed to establish the factual predicate for his claim.

Defendant also argues, in his Standard 4 brief, that defense counsel provided ineffective assistance for failing to acquire an evaluation of defendant's mental stability, presumably to present some type of mental illness defense. The decision to pursue a particular defense is a matter of trial strategy, and defense counsel is not required to concoct a defense when none exists. *People v Buie*, 298 Mich App 50, 66; 825 NW2d 361 (2012). "The role of defense counsel is to choose the best defense for the defendant under the circumstances." *People v Pickens*, 446 Mich 298, 325; 521 NW2d 797 (1994). In this case, defendant told the police that he stabbed the male victim in a manner consistent with self-defense. Accordingly, defense counsel's self-defense strategy was reasonable in light of the evidence. Nor does defendant highlight any evidence demonstrating that defense counsel should have pursued some type of mental illness defense. In strategically choosing to pursue a self-defense theory, defense counsel was not ineffective. *Pickens*, 446 Mich at 325.

## II. PROSECUTORIAL MISCONDUCT

### A. STANDARD OF REVIEW

Next, defendant contends that the prosecutor committed misconduct during rebuttal argument. Because defendant did not object to the alleged improper statement, our review is limited to plain error affecting substantial rights. *People v Watson*, 245 Mich App 572, 586; 629 NW2d 411 (2001).

### B. ANALYSIS

During rebuttal argument, the prosecution stated that because the bloodstains found in the home were transfers, DNA evidence would not answer the question of where the male victim was stabbed. At trial, evidence was adduced that the bloodstains in the house were transfer stains from defendant when he returned to the house after he stabbed the victim outside, and that the bloodstains were not sent for DNA testing. Thus, the prosecution's statements during rebuttal argument merely highlighted this evidence, explaining why the lack of DNA evidence was immaterial. A prosecutor "is free to argue the evidence and all reasonable inferences arising from it as they relate to his or her theory of the case[.]" *People v Dobek*, 274 Mich App 58, 66; 732 NW2d 546 (2007). Although defendant characterizes the prosecution's statements as testimony, the prosecution merely advanced its theory of the evidence. *Id.*

Nor is there any merit to defendant's argument that the prosecution violated his right of confrontation, US Const, Am VI, XIV. Contrary to defendant's argument, the prosecution did

-3-

not introduce any new evidence in its closing argument. Rather, the prosecution merely argued that based on the evidence at trial, the lack of DNA evidence was irrelevant in deciding defendant's guilt. As we have recognized, "[t]he prosecution has wide latitude in arguing the facts and reasonable inferences, and need not confine argument to the blandest possible terms." *Dobek*, 274 Mich App at 66. The prosecution did not indicate that it had some type of special knowledge. *People v Meissner*, 294 Mich App 438, 456; 812 NW2d 37 (2011). Accordingly, there was no plain error. *Watson*, 245 Mich App at 586.

## III. EVIDENTIARY ISSUES

### A. STANDARD OF REVIEW

Also in his Standard 4 brief, defendant contends that the trial court erred when it excluded evidence of the male victim's convictions. We review a trial court's evidentiary decisions for an abuse of discretion. *People v Unger*, 278 Mich App 210, 216; 749 NW2d 272 (2008). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *Id.* at 217.

### B. ANALYSIS

Defendant argues that the victim's convictions were admissible because they tended to show his violent character. However, the relevant rule is the following:

> Evidence concerning the aggressive character of a homicide victim, even if the defendant was unaware of it at the time, is admissible in furtherance of a self-defense claim to prove that the victim was the probable aggressor. However, this type of character evidence may only be admitted in the form of reputation testimony, not by testimony regarding specific instances of conduct unless the testimony regarding those instances is independently admissible for some other reason or where character is an essential element of a claim or defense. The victim's character is not an essential element of defendant's self-defense claim. [*People v Orlewicz*, 293 Mich App 96, 104; 809 NW2d 194 (2011), remanded on different grounds 493 Mich 916 (2012).]

The victim's convictions for domestic violence and resisting or obstructing a police officer were specific instances of conduct. As such, they were not admissible to prove the victim's character, which is not an essential element of self-defense. *Orlewicz*, 293 Mich App at 104. Nor does defendant assert that this evidence was admissible for an alternate reason, or that defendant was aware of the victim's convictions. *Id.* The trial court did not abuse its discretion in excluding this evidence.

## IV. MOTION FOR MISTRIAL

### A. STANDARD OF REVIEW

Lastly, defendant contends in his Standard 4 brief that the trial court erred in denying his motion for a mistrial after the female victim, defendant's wife, spoke with two people in the

-4-

courtroom. "We review for an abuse of discretion a trial court's decision regarding a motion for a mistrial." *People v Schaw*, 288 Mich App 231, 236; 791 NW2d 743 (2010).

## B. ANALYSIS

"The purposes of sequestering a witness are to prevent him from coloring his testimony to conform with the testimony of another." *People v Meconi*, 277 Mich App 651, 654; 746 NW2d 881 (2008) (quotation marks and citation omitted). In the context of a motion for mistrial, "[a] trial court should grant a mistrial only for an irregularity that is prejudicial to the rights of the defendant and impairs his ability to get a fair trial." *Schaw*, 288 Mich App at 236 (quotation marks and citation omitted). A mistrial is appropriate only when the prejudicial effect of an error can be removed in no other manner. *People v Horn*, 279 Mich App 31, 36; 755 NW2d 212 (2008).

Of initial significance is that defendant's wife did not violate the sequestration order, as it did not prohibit her from speaking with other individuals present in the courtroom. Moreover, even if the sequestration order was violated, defendant has failed to establish prejudice. Defendant's wife gleaned no information that would color her testimony. From speaking with the individuals in the courtroom, she merely learned that a witness testified and his 911 phone call was played. She learned nothing of the substance of the testimony. Further, while she learned that opening statements were made and that defense counsel portrayed her as a liar, she explained that she already knew that was his intention, as was consistent with the preliminary examination.

Moreover, other remedies less drastic than a mistrial were available, such as cross-examination. *Meconi*, 277 Mich App at 654. We find no abuse of discretion in the trial court's denial of a mistrial.[2]

## V. CONCLUSION

There were no instances of ineffective assistance of counsel, prosecutorial misconduct, evidentiary error, or procedural irregularities that warrant a remand or reversal. We have reviewed all remaining claims and find them to be without merit. We affirm.

/s/ Michael J. Riordan
/s/ Henry William Saad
/s/ Michael J. Talbot

---

[2] While the prosecution argues that as a victim, defendant's wife had a constitutional right to be present in court, we decline to address this issue as we agree that a mistrial was not warranted.