PEOPLE v STANLEY

PEOPLE v MITCHELL

1. CRIMINAL LAW—EVIDENCE—SUFFICIENCY—ELEMENTS OF CRIME.

Evidence is insufficient if it could not support a finding of guilty beyond a reasonable doubt because one or more of the essential elements of the crime is not proved.

2. CRIMINAL LAW—EVIDENCE—PROSECUTOR'S BURDEN—CIRCUMSTANTIAL EVIDENCE.

The prosecutor has the burden of proving that there is no innocent theory possible which will, without violation of reason, accord with the facts, where the prosecutor's case is based on circumstantial evidence.

3. APPEAL AND ERROR—CRIMINAL LAW—PROSECUTOR'S BURDEN—GUILT BEYOND A REASONABLE DOUBT—THEORIES CONSISTENT WITH INNOCENCE.

The Court of Appeals must look at the record in the light most favorable to the prosecution and determine whether sufficient evidence was adduced, which, if believed by the jury, could support a finding of guilt beyond a reasonable doubt, and not whether it could support a verdict of innocent where it must determine whether or not the prosecution negated all theories consistent with innocence.

4. WITNESSES—EXCLUSION—SEQUESTRATION OF WITNESSES—EVIDENCE—COURT'S DISCRETION.

The exclusion of witnesses from the courtroom and the ordering of the sequestered witnesses not to discuss the evidence while outside the courtroom is within the discretion of the trial judge.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 496.
[2] 30 Am Jur 2d, Evidence §§ 1124 *et seq.,* 1172.
[3] 75 Am Jur 2d, Trial § 826 *et seq.*
[4–7] 75 Am Jur 2d, Trial § 61 *et seq.*
[8] 47 Am Jur 2d, Jury §§ 123, 221, 222.

5. WITNESSES—SEQUESTRATION OF WITNESSES—PURPOSES OF SEQUES-
   TRATION.

   One of the purposes for the sequestration of a witness is to
   prevent him from coloring his testimony to conform with the
   testimony of another.

6. WITNESSES—SEQUESTRATION OF WITNESSES—SILENCE DURING SE-
   QUESTRATION—EVIDENCE.

   Witnesses are not automatically put on notice that they are not
   to discuss their testimony when they are excluded from the
   courtroom.

7. WITNESSES—SEQUESTRATION OF WITNESSES—SILENCE DURING SE-
   QUESTRATION—JUDGES—ABUSE OF DISCRETION.

   The failure to caution witnesses not to discuss the evidence when
   they are sequestered does not constitute reversible error absent
   abuse of discretion in ruling on a request for such a warning.

8. APPEAL AND ERROR—JURY—PREJUDICE.

   The trial judge made sufficient inquiry to determine the prejudi-
   cial effects of an incident which could affect the decision of the
   jury, where the judge questioned the jury concerning the
   incident and whether it would affect their decision and the jury
   responded with a negative reply, and where both the prosecutor
   and defense counsel responded that they have no questions, and
   where no affirmative showing of prejudice has been made and
   the facts do not clearly establish the inference that prejudice
   occurred.

Appeal from Recorder's Court of Detroit, John
P. O'Brien, J. Submitted June 11, 1976, at Detroit.
(Docket Nos. 24604, 22524.) Decided September 7,
1976.

Robert Stanley, Jr., and Donnie B. Mitchell were
convicted of unarmed robbery. Defendants appeal.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, and *Patricia J. Boyle,* Prin-
cipal Attorney, Research, Training and Appeals,
for the people.

*Don W. Atkins,* Assistant Prosecuting Attorney, for the people in *Stanley.*

*Samuel C. Damren,* Assistant Prosecuting Attorney, for the people in *Mitchell.*

*Owen J. Galligan,* for defendant Stanley.

*Sidney Kraizman,* for defendant Mitchell.

Before: J. H. GILLIS, P. J., and T. M. BURNS and W. VAN VALKENBURG,* JJ.

T. M. BURNS, J. The defendants were charged with unarmed robbery, MCLA 750.530; MSA 28.798. Both were found guilty as charged after a jury trial. Defendants appeal as of right.

Three men robbed Larry O'Dell on September 21, 1974. O'Dell was hit over the head with a bottle and his money was taken. Two Detroit policemen, Officers Formes and Rollett, witnessed the robbery as they were patrolling in a marked police car.

Officer Formes chased two of the three suspects into an empty lot and then an alley. The suspects split up and Formes pursued and apprehended the suspect later identified as defendant Stanley. The other suspect was wearing a tan jacket and dark hat and ran to the right down the alley. Formes saw no one else in the alley.

Immediately after receiving a report of the robbery, Police Officers Simpson and Bogumil drove into the alley from the other end. Running toward them was defendant Mitchell who slowed to a walk when the light from the headlights of the police car hit him. Mitchell was out of breath and

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

sweating. Mitchell told the officers that he was coming from his mother's house, five miles away. Officer Simpson noticed an indentation around Mitchell's head. Simpson asked him if he had a hat and defendant Mitchell answered, "No". Officer Bogumil then searched the area from which Mitchell had run and a hat and beige jacket were found near some bushes.

A civilian witness to the robbery testified that none of the spectators to the crime broke and ran in any direction. Officer Rollett, who had positioned himself at the end of the alley opposite from the other officers, testified that no one came through his section of the alley.

At trial the complainant, O'Dell, testified that defendant Mitchell looked very much like the person who had tried to take his watch. He could not be positive that Mitchell was the man, however, because it appeared that Mitchell had changed his appearance prior to trial. The tan jacket and hat found in the alley were identified by O'Dell as resembling those worn by the robber identified as Mitchell.

## SUFFICIENCY OF THE EVIDENCE

Defendant Mitchell argues on appeal that the evidence presented by the prosecutor at trial was insufficient to convict, as there was no positive identification of him and the evidence was purely circumstantial.

The evidence is insufficient if it could not support a finding of guilty beyond a reasonable doubt because one or more of the essential elements of the crime is not proved. *People v Kremko,* 52 Mich App 565, 574; 218 NW2d 112 (1974). There is no dispute over the fact that property was taken from

the complainant's person by the use of force and violence; nor does defendant Mitchell challenge the legality of a conviction which is based on circumstantial evidence. Defendant relies upon *People v Johnson,* 4 Mich App 205; 144 NW2d 646 (1966), and the finding in that case that the prosecution failed to meet its burden of proof because the Court found "no evidence in the record which supports a conclusion that negatives every reasonable theory consistent with the defendant's innocence". *People v Johnson, supra* at 207.

Where the prosecutor's case is based on circumstantial evidence, the prosecutor has the burden of proving "that there is no innocent theory possible which will, without violation of reason, accord with the facts". *People v Millard,* 53 Mich 63, 70; 18 NW 562 (1884).

"This rule applies where the evidence is circumstantial and, deciding all issues of credibility in favor of the people, there is a hypothesis consistent with innocence which has not been contradicted with evidence and which the court in its judgment regards as reasonable." *People v Valot,* 33 Mich App 49, 54, n 1; 189 NW2d 873 (1971), Levin, J. (dissenting).

"To determine whether or not the prosecution negated all theories consistent with innocence, we must look at the record in the light most favorable to the prosecution and determine whether sufficient evidence was adduced, which, if believed by the jury, *could* support a finding of guilt beyond a reasonable doubt * * * , not whether it could support a verdict of innocent." *People v Stewart,* 36 Mich App 93, 99; 193 NW2d 184 (1971).

Explanation of the rule has proved as difficult as its application. The rule defines the extent and weight of the prosecutor's burden of proof in cases which rest on circumstantial evidence and in which the defense has presented a reasonable

theory of innocence consistent with the evidence produced at trial. After careful examination of the record and briefs we conclude that the prosecutor met his burden and that the evidence supports the finding of guilt beyond a reasonable doubt. Defendant has not suggested and we have not found a reasonable theory of innocence consistent with and not negated by the evidence.

## SEQUESTRATION

Defendant Stanley claims that the trial court erred reversibly in ruling that a sequestration order had not been violated by two witnesses.

The trial judge ordered the witnesses sequestered during trial. It later was determined that Police Officers Rollett and Formes had, while sequestered, discussed Officer Formes' difficulty in identifying defendant Stanley, the suspect he had arrested. Rollett testified that Formes had not described Stanley to him during the conversation. Stanley's defense counsel objected to the conversation as violative of the sequestration order. The trial judge ruled that there was no violation of the order since he was requested to and did exclude the witnesses from the courtroom but that he did not order and was not requested to order the witnesses not to discuss the case with one another.

We agree with defendant that one of the purposes of the sequestration of a witness is to prevent him from "coloring" his testimony to conform with the testimony of another. When witnesses are excluded from the courtroom, however, they are not automatically put on notice that they are not to discuss their testimony. We are directed to no statute or court rule which requires a trial judge to caution witnesses not to discuss the case while sequestered.

The exclusion of witnesses from the courtroom is within the discretion of the trial judge, *People v Dickerson,* 62 Mich App 457; 233 NW2d 612 (1975). So too is the ordering of the sequestered witnesses not to discuss the evidence while outside the courtroom. *Langel v United States,* 451 F2d 957 (CA 8, 1971), *United States v Chiarella,* 184 F2d 903 (CA 2, 1950), *rev'd on other grounds,* 341 US 946; 71 S Ct 1004; 95 L Ed 1370 (1951). We question the efficacy of a sequestration order, however, if the witnesses are not ordered not to discuss the evidence. We agree with the opinion of another court which faced the same question:

"We wish to indicate our view, however, that ordinarily, when a judge exercises his discretion to exclude witnesses from the courtroom, it would seem proper for him to take the further step of making the exclusion effective to accomplish the desired result of preventing the witnesses from comparing the testimony they are about to give. If witnesses are excluded but not cautioned against communicating during the trial, the benefit of the exclusion may be largely destroyed." *Milanovich v United States,* 275 F2d 716, 720 (CA 4, 1960).

Failure to so caution the witnesses, however, does not constitute reversible error absent abuse of discretion in ruling on a request for such a warning.

In the instant case the trial court was not asked to caution the witnesses nor did he abuse his discretion in permitting the witnesses to testify, as there was no violation of the sequestration order. We find further that defendant Stanley was not prejudiced by the conversation of the witnesses. Rollett testified that Formes had not described defendant Stanley to him and that the conversa-

tion concerned only Formes' difficulty in identifying the defendant. We note that defendant Stanley was also identified with fingerprints as the person Formes arrested. There was no error. *Cf. Commonwealth v Clark,* 334 NE2d 68 (Mass App, 1975).

## IMPROPER CONTACT WITH JURY

During the trial, the complainant was approached in the hallway by a friend of defendant Stanley. In a loud voice within the hearing of the jury the friend asked why the complainant was prosecuting defendant Stanley. On request, the trial judge questioned the jury concerning the incident and whether it would affect their decision in the case. The jury responded with a simple, negative reply. The judge asked the prosecutor and Stanley's defense counsel if they had any questions. Both responded in the negative. Defendant now contends that the judge's inquiry was insufficient to determine the prejudicial effects of the incident. We find no error. No affirmative showing of prejudice has been made nor do the facts in this case clearly establish the inference that prejudice occurred. See *People v Qualls,* 9 Mich App 689; 158 NW2d 60 (1968).

The final issue concerns an allegedly coercive jury instruction. No objection to the instruction was raised below, and we find no manifest injustice. *People v Jones,* 66 Mich App 223; 238 NW2d 813 (1975).

The convictions are affirmed.