PEOPLE v MECONI

Docket No. 273040. Submitted November 6, 2007, at Detroit. Decided
    January 24, 2008, at 9:05 a.m.

    Nicholas A. Meconi was charged in the 25th District Court with
    aggravated assault. At trial, on the advice of a crime victim's
    advocate, the victim, Nikki Kleinsorge, remained in the courtroom
    during opening statements despite the district court's order that
    witnesses be sequestered. The court, David J. Zelenak, J., granted
    Meconi's motions for a mistrial and to exclude Kleinsorge's
    testimony at the subsequent trial. The prosecutor's motion for an
    interlocutory appeal was denied by the Wayne Circuit Court, Diane
    M. Hathaway, J., but the Court of Appeals granted leave to file an
    interlocutory appeal.

    The Court of Appeals *held*:

    The trial court abused its discretion by excluding Kleinsorge's
    testimony as a sanction for her having remained in the courtroom
    during opening statements despite the court's order that witnesses
    be sequestered. It is undisputed that the violation of the seques-
    tration order resulted from an innocent mistake and that Klein-
    sorge did not hear the testimony of other witnesses; further,
    because this was a bench trial, the court itself would have been
    capable of taking into account the fact that Kleinsorge had heard
    the opening statements when determining her credibility.

    Reversed and remanded for further proceedings.

    SAWYER, J., concurring, would hold that Const 1963, art 1,
    § 24(1), grants a crime victim the right to be present at the entire
    trial to the same extent as the defendant and that the right cannot
    be limited by statute and is not limited by the federal constitution.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*,
Solicitor General, *Kym L. Worthy*, Prosecuting Attor-
ney, and *Timothy A. Baughman*, Chief of Research,
Training, and Appeals, for the people.

*Nicholas J. Vendittelli* for the defendant.

Before: SERVITTO, P.J., and SAWYER and MURRAY, JJ.

MURRAY, J. The prosecution was granted leave to appeal the trial court's order denying leave to appeal a district court order excluding the testimony of the alleged victim. On appeal, the prosecution argues that the trial court erred in excluding the victim's testimony because the victim had a constitutional right to be present at all portions of the trial. Const 1963, art 1, § 24. Alternatively, the prosecution argues that even if there is no such constitutional right, the trial court still abused its discretion in excluding the testimony. Although we do not necessarily disagree with the first argument, we believe this case is more prudently resolved through acceptance of the second argument.

BACKGROUND

On September 16, 2005, Nikki Kleinsorge was visiting the home of Rose Meconi, who is Kleinsorge's aunt and defendant's mother. Defendant eventually arrived at the house and was angry about Kleinsorge's presence. Kleinsorge alleged that defendant grabbed her and threw her from the front porch. Kleinsorge allegedly landed on her right arm and fractured her right elbow.

Defendant was scheduled to be tried in the 25th District Court in Lincoln Park. At the outset of the bench trial, the district court ordered that the witnesses be sequestered as follows: "Anyone who is scheduled to testify, may testify, anticipates, probably could, please stand, leave the courtroom, do not discuss your anticipated testimony, nor your completed testimony until released by the Court." The prosecutor and the defense attorney proceeded to make brief opening statements. At the conclusion of opening statements, the prosecutor

called Kleinsorge as his first witness. At that time, the court realized that Kleinsorge had remained in the courtroom during opening statements. When the judge asked why she did not leave the courtroom before the opening statement, Kleinsorge indicated that she was instructed to remain by "the crime victim's woman that's here," i.e., the crime victim's advocate. The district court ultimately declared a mistrial, ruling that, although neither the prosecutor nor defense counsel were at fault for the occurrence, Kleinsorge nevertheless "ha[d] some taint" and the Court had no other method to rectify the problem. The district court subsequently precluded Kleinsorge from testifying at the new trial, again concluding that Kleinsorge was tainted and that there was no way to remedy that taint and still allow the witness to testify.

On appeal, the circuit court entered an order reversing the district court's order excluding Kleinsorge's testimony. The circuit court indicated that the district court's order violated the victim's right to be present during trial pursuant to Const 1963, art 1, § 24. However, the circuit court reconsidered its prior determination, vacated the order, and denied the prosecutor's application for leave to appeal. As a result, Kleinsorge's testimony remained excluded from trial. The prosecutor subsequently filed an application for leave to appeal in this Court, which we granted.

### ANALYSIS

It is our duty to refrain from deciding constitutional issues when a case can be decided on other grounds. *Wayne Co v Hathcock*, 471 Mich 445, 456 n 10; 684 NW2d 765 (2004). As explained below, regardless of whether the victim had a constitutional right to remain

in attendance throughout a trial, the trial court's decision to exclude the victim's testimony was, under the facts presented, outside the range of principled outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003).

The purposes of sequestering a witness are to "prevent him from 'coloring' his testimony to conform with the testimony of another," *People v Stanley*, 71 Mich App 56, 61; 246 NW2d 418 (1976), and to aid "in detecting testimony that is less than candid." *Geders v United States*, 425 US 80, 87; 96 S Ct 1330; 47 L Ed 2d 592 (1976). Additionally, the United States Supreme Court has recognized three sanctions that are available to a trial court to remedy a violation of a sequestration order: "(1) holding the offending witness in contempt; (2) permitting cross-examination concerning the violation; and (3) precluding the witness from testifying." *United States v Hobbs*, 31 F3d 918, 921 (CA 9, 1994), citing *Holder v United States*, 150 US 91, 92; 14 S Ct 10; 37 L Ed 1010 (1893). Although usually stated in the context of a defense witness's exclusion in a criminal case, courts have routinely held that exclusion of a witness's testimony is an extreme remedy that should be sparingly used. See, e.g., *United States v Smith*, 441 F3d 254, 263 (CA 4, 2006); *Hobbs, supra*.

If the victim in this case had a constitutional right to be present for the entire trial proceedings, as aptly suggested by the concurrence, the trial court certainly would have abused its discretion in precluding the testimony. However, *even if* the victim did not have such a right,[1] the trial court still abused its discretion by imposing such a severe sanction. It is undisputed that the violation of the sequestration order resulted from

---

[1] We quickly point out to the reader that, for the sake of argument, we are only assuming the victim does not have such a constitutional right.

an innocent mistake. The trial court repeatedly re-marked that it did not find fault with anyone, as neither defense counsel, the prosecutor, nor the trial court saw the victim sitting in the courtroom. That the violation was not purposeful is a significant mitigating factor. So is the fact that the victim only heard short opening statements, not testimony, given that MRE 615 specifi-cally provides for sequestration of witnesses "so that they cannot hear *the testimony of other witnesses.*" (Emphasis added.) See, also, *Stanley, supra.* Finally, this was a scheduled bench trial, and the trial court would certainly be capable of determining the victim's cred-ibility knowing that she heard the opening statements. In light of these mitigating factors, the trial court abused its discretion in implementing the most severe sanction.

Reversed and remanded for further proceedings con-sistent with this opinion. We do not retain jurisdiction.

SERVITTO, P.J., concurred.

SAWYER, J. (*concurring*). Although I agree with the result reached by the majority, and do not necessarily disagree with its reasoning, I write separately because I believe we should address the substantive issue raised. We are asked in this appeal to determine whether a crime victim may be sequestered despite his or her right, under Const 1963, art 1, § 24(1) to be present at "trial and all other court proceedings the accused has the right to attend." I would hold that a victim may not be involuntarily sequestered.

Defendant was charged with aggravated assault, MCL 750.81a, against his cousin, Nikki Kleinsorge. At the outset of the bench trial in the 25th District Court, the trial court ordered that the witnesses be seques-

tered. Although other witnesses left, Kleinsorge did not leave, apparently on the advice of the crime victim's advocate. Kleinsorge's presence in the courtroom was not discovered until after both the prosecutor and the defense attorney made their opening statements and Kleinsorge was called as the prosecutor's first witness.

Defendant moved for a mistrial on the basis of the violation of the sequestration order, arguing that the victim had heard the defense's opening statement and, therefore, was "prepared" for her testimony. The trial court granted the mistrial. Thereafter, defendant moved to exclude Kleinsorge's testimony at the new trial because, having heard the opening statement at the original trial, she knew defendant's trial strategy, a description of the expected testimony of defense witnesses, and other evidence defendant intended to introduce. The trial court granted the motion, excluding Kleinsorge's testimony at trial. The prosecutor sought an interlocutory appeal to the circuit court, which ultimately denied the prosecutor's application for leave to appeal. This Court thereafter granted the prosecutor's application for leave to appeal in this Court.

The sequestration of witnesses is addressed by both court rule and statute. First, MRE 615 provides as follows:

> At the request of a party the court may order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause.

Next, MCL 780.761, which is part of the Crime Victim's Rights Act, MCL 780.751 *et seq.*, specifically addresses the issue of the sequestration of a victim who will be called as a witness:

> The victim has the right to be present throughout the entire trial of the defendant, unless the victim is going to be called as a witness. If the victim is going to be called as a witness, the court may, for good cause shown, order the victim to be sequestered until the victim first testifies. The victim shall not be sequestered after he or she first testifies.

There is little doubt that the trial court's order sequestering the victim before her testimony (i.e., during opening statements) was consistent with both the rule of evidence and the statute. But the inquiry does not end there because there is also a constitutional provision establishing certain rights for the victims of crime.

Const 1963, art 1, § 24 provides in pertinent part as follows:

> (1) Crime victims, as defined by law, shall have the following rights, as provided by law:
>
> * * *
>
> The right to attend trial and all other court proceedings the accused has the right to attend.
>
> * * *
>
> (2) The legislature may provide by law for the enforcement of this section.

This constitutional provision clearly grants the victim the right to be present at the entire trial to the same extent that the defendant is so entitled. And it is undisputed that a defendant has the right to be present during opening statements. The question before us then becomes whether the grant of authority to the

legislature to "provide by law" for the enforcement of the constitutional provision carries with it the grant of authority to restrict the otherwise absolute grant of a right to the victim to be present during the entire trial. I conclude that it does not.

Defendant first argues that the constitutional provision does not authorize a victim to disobey a sequestration order. This argument, however, is backwards. The question is not whether the constitution authorizes a violation of a sequestration order, but whether a statute or court rule may authorize sequestration despite the constitutional provision.

Defendant next argues that the impingement on the victim's right to attend the trial caused by the sequestration was minimal as opening statements took less than four minutes. Not only does this argument overlook the fact that in many cases the exclusion would be longer than four minutes, it also overlooks the fact that the constitution grants a right to the victim to be present during all proceedings, not almost all proceedings or all but four minutes of the proceedings.

Defendant also argues that the prosecutor's argument ignores the fact that MCL 780.761 expressly authorizes sequestration of the victim before the victim's testimony. Defendant argues that there can be no violation of the constitution because the sequestration order is authorized by statute. I am not aware of any authority, nor does defendant cite any authority, for the proposition that a constitutional provision may be violated if such violation is authorized by statute. Indeed, as Justice TAYLOR observed in *People v Moore*, 470 Mich 56, 81 n 3; 679 NW2d 41 (2004) (TAYLOR, J., dissenting), it is "a fundamental axiom of American law, rooted in our history as a people and requiring no citations to authority, that the requirements of the Constitution

prevail over a statute in the event of a conflict." See also *Marbury v Madison*, 5 US (1 Cranch) 137, 177; 2 L Ed 60 (1803) ("an act of the legislature, repugnant to the constitution, is void").

Similarly, defendant's argument that there could be no violation of the victim's rights because the prosecutor expressly agreed to the sequestration order is without merit. There is no provision in Const 1963, art 1, § 24 for the prosecutor to waive the victim's right to attend the trial. The right of the victim to attend the trial belongs to the victim, not the prosecutor. Therefore, it is the victim, not the prosecutor, who may waive that right. And there is no indication in this case that the victim waived her right to attend the entire trial.

This, then, brings us back to the question we originally posed: Does Const 1963, art 1, § 24, by its own terms, authorize the Legislature to restrict the victim's right to attend the entire trial? Questions of constitutional and statutory interpretation are both questions of law that are reviewed de novo. *People v McCuller*, 479 Mich 672, 681; 739 NW2d 563 (2007). Although defendant never squarely addresses this issue in his brief, I believe that we must address it given the importance of this issue. And, in doing so, I reject the conclusion that MCL 780.761 validly grants the trial court the authority to sequester the victim.

Const 1963, art 1, § 24(2) grants the Legislature the authority to "provide by law for the enforcement of this section." As always, to interpret the meaning of the constitution, we first look to the words actually used in the constitution. That is, we look to the plain meaning of the words used, as the people would understand them at the time of ratification. *Co Rd Ass'n of Michigan v Governor*, 474 Mich 11, 15; 705 NW2d 680 (2005). The provision at issue here clearly and unambiguously au-

thorizes the Legislature to enact legislation to *enforce* the constitutional provision. There is no grant of authority to *diminish* the constitutional right. The primary definition of "enforce" is "to put or keep in force; compel obedience to." Random House Webster's College Dictionary (2000). The Legislature's authorizing a trial judge to exclude a victim from a portion of the trial hardly compels obedience to a constitutional provision that grants the victim the right to attend the entire trial.

Rather, the clearer and more logical interpretation of § 24(2) is that the Legislature is authorized to enact laws that enforce and uphold the various rights granted in § 24(1). For example, among the other rights granted in § 24(1), the victim has the right to be informed of the defendant's release from incarceration. Section 24(2) presumably authorizes the Legislature to enact a statute that determines who is obligated to inform the victim of the defendant's release, how that notice is to be given to the victim, and when that information is to be given to the victim. In short, the Legislature is constitutionally tasked with the job of implementing the rights granted in § 24, not defining them.

Finally, defendant argues that the victim's presence during opening statements violated his due process rights under the federal constitution. Defendant cites no authority that establishes a federal constitutional right for a criminal defendant to have the prosecution witnesses sequestered. The prosecutor, on the other hand, provides ample authority for the proposition that a failure to sequester witnesses is not, by itself, a due process violation. See, e.g., *Bell v Duckworth*, 861 F2d 169 (CA 7, 1988), and *State v Beltran-Felix*, 922 P2d 30 (Utah App, 1996).

In sum, I conclude that Const 1963, art 1, § 24(1) grants the victim the right to be present at the entire trial to the same extent that the defendant has a right to be present. This includes the right to be present at portions of the trial that occur before the victim testifies, including opening statements. This constitutional right cannot be limited by statute and is not limited by the federal constitution. Accordingly, the trial court erred in ruling that Kleinsorge cannot testify at trial because Kleinsorge cannot be sequestered from any portion of the trial (or at least not from those portions that defendant has a right to attend).