# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

BRIAN WAYNE MILLS,

Defendant-Appellant.

UNPUBLISHED
April 21, 2015

No. 319838
Berrien Circuit Court
LC No. 2012-005295-FH

Before: METER, P.J., and SAWYER and BOONSTRA, JJ.

PER CURIAM.

Defendant was convicted, following a jury trial, of four counts of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a) (sexual contact with a person under the age of 13). He was sentenced to concurrent terms of 42 months to 15 years' imprisonment. He appeals by right. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

The victim, SD, was the best friend of defendant's daughter and spent a lot of time at defendant's home in the summer of 2012. On one occasion that summer, when SD was between 11 and 12 years old, she stayed overnight at defendant's home. SD testified that she watched television with defendant and his family that evening; later, defendant's family went to bed, leaving SD alone with defendant in the television room.

In her initial testimony at trial, SD stated that defendant began to rub her foot. Defendant told her that she was pretty and that if he were in her grade, he would date her. He then moved his hand up her leg to her calf, and then to her mid-thigh. Feeling uncomfortable, SD got up from the couch and went into the bathroom. However, when she returned, defendant told her to sit back down. She complied, and defendant pulled her legs toward him. He again moved his hand up her leg, to the top of her thigh, and rubbed it. He then moved his hand inside her shorts and rubbed the top of her "pubic area," over her underwear. Defendant further moved his hand, while still inside her shorts, around to her buttocks, again over her underwear. Defendant then told SD to "come here," and he moved her onto his lap. He placed his hand underneath her shirt and rubbed her bare stomach. He then reached his hand further up SD's shirt, under the underwire of her bra, and rubbed the bottom of her breasts. SD demonstrated to the jury where on her body defendant had touched her. While sitting on defendant's lap, SD felt defendant's erect penis. The encounter ended when SD convinced defendant to play video games with her.

-1-

As discussed further below, SD was recalled for further testimony on the second day of trial. In that testimony, she clarified that she had meant "vagina" when in her earlier testimony she referenced "pubic area," and that defendant had touched both her inner thigh and outer thigh during the encounter.

After the events, SD did not immediately report the incident to anyone, but she eventually disclosed the sexual touching several months later to her teachers, who reported the incident to police. Defendant was charged with four counts of CSC-II, related to the touching of four separate body parts. Defendant was convicted on all four counts as described above. This appeal followed.

## II. RECALL OF COMPLAINING WITNESS

Defendant first argues that the trial court erred in allowing the prosecution to recall SD on the second day of trial, because she had not been sequestered following her initial testimony. We disagree. We review for an abuse of discretion a trial court's decision regarding the sequestration of witnesses. *People v Roberts*, 292 Mich App 492, 502-503; 808 NW2d 290 (2011). Likewise, we review for an abuse of discretion a trial court's decision whether to recall a witness. See *People v Williams*, 470 Mich 634, 643; 683 NW2d 597 (2004). An abuse of discretion occurs when the trial court "selects an outcome outside the range of reasonable and principled outcomes." *People v Waclawski*, 286 Mich App 634, 689; 780 NW2d 321 (2009).

The record reflects that the trial court entered a sequestration order at the outset of the trial proceedings. However, following SD's initial testimony, she was allowed to remain in the courtroom. At the end of the first day of trial, the trial court expressed concern with its preliminary instruction to the jury regarding Count IV of the information. Specifically, that instruction had indicated that defendant had allegedly touched SD's vagina, whereas SD's testimony was that defendant had touched her "pubic area." The trial court proposed changing the wording of the final instructions. The prosecution supported the amendment and also proposed recalling SD to the witness stand so that she could explain what she had meant when she said "pubic area." Defendant objected on the basis that SD had been allowed to remain in the courtroom following her testimony and thus had heard other witnesses' testimony and the parties' arguments regarding her initial testimony. In making this argument, defendant also noted a separate problem with SD's initial testimony: although the trial court's preliminary instruction regarding Count I alleged that defendant had touched SD's inner thigh, SD never testified specifically that defendant had touched her *inner* thigh, and, according to defendant, she did not touch her inner thigh when she was demonstrating to the jury. The trial court overruled defendant's objection and allowed SD to be recalled. SD subsequently testified that she had meant "vagina" when she said "pubic area" and that defendant had touched both her inner thigh and outer thigh during the encounter.

"The purposes of sequestering a witness are to prevent him from coloring his testimony to conform with the testimony of another, and to aid in detecting testimony that is less than candid." *People v Meconi*, 277 Mich App 651, 654; 746 NW2d 881 (2008). MCL 780.761 specifically addresses a trial court's authority to sequester a victim who will be called as a witness. That statute provides:

The victim has the right to be present throughout the entire trial of the defendant, unless the victim is going to be called as a witness. If the victim is going to be called as a witness, the court may, for good cause shown, order the victim to be sequestered until the victim first testifies. The victim shall not be sequestered after he or she first testifies.

At the outset, given the plain language of MCL 780.761, the trial court did not abuse its discretion in allowing SD to remain in the courtroom after she first testified. Moreover, we conclude that the trial court did not err in allowing the prosecution to recall SD to the witness stand. SD's initial testimony was detailed; she described the progression of defendant's hand from the bottom of her leg, all the way up to the top of her thigh, then to her "pubic area" and around to her buttocks, and then eventually up her shirt to her breasts. The primary purpose for allowing SD to be recalled was simply for her to clarify what she meant when she said "pubic area." SD did so, while also clarifying that when defendant touched her thigh, he touched both her inner thigh and outer thigh. Thus, SD's initial testimony is consistent with the testimony she offered upon being recalled; there is no evidence that SD on recall conformed her testimony to another witness's testimony.[1] *Meconi*, 277 Mich App at 654. Moreover, the jury was able to fully assess whether SD's testimony was consistent because it saw her initial demonstrations as to where defendant had touched her. Further, defendant was allowed to explore on cross-examination the fact that SD had remained in the courtroom following her initial testimony and that she had heard other testimony and the parties' arguments before being recalled. Under these circumstances, we find that the trial court did not abuse its discretion in allowing SD to be recalled. See *Williams*, 470 Mich at 643.

### III. TESTIMONY OF FORENSIC INTERVIEWER

Defendant next argues that the trial court erred in allowing Brooke Rospierski, a forensic interview specialist who interviewed SD in connection with the investigation, to testify in a dual capacity as both an expert witness and a fact witness, absent a specific instruction from the trial court informing the jury of Rospierski's dual role. Defendant did not request such an instruction at trial, and in fact approved the instructions as given. Defendant's express approval of the trial court's jury instructions waived any claim of error. *People v Kowalski*, 489 Mich 488, 503-505 n 28; 803 NW2d 200 (2011). Nevertheless, were we to consider the issue for plain error affecting defendant's substantial rights, we would conclude that reversal is not warranted. *Id*. at 505. In *United States v Lopez-Medina*, 461 F 3d 724, 743 (CA 6, 2006), the principal case relied upon by defendant, the United States Court of Appeals for the Sixth Circuit stated that, where a witness testifies in two capacities, an instruction on the witness' dual roles is appropriate. However, the court recognized that even absent an explicit instruction regarding the witness' dual role, an instruction on how to weigh expert opinion testimony will generally suffice. *Id*. In that case, the court found that the trial court had plainly erred in permitting the dual-role

---

[1] In fact, two of the three witnesses SD observed before being recalled did not even testify regarding the circumstances of the encounter, and the third witness (a police detective) testified solely to what *defendant's* version of events was and his subsequent investigation.

testimony because "no instruction on expert witness testimony was given, let alone an instruction on the agents' dual role as a fact and expert witness." *Id*.

In this case, unlike *Lopez-Medina*, the jury was properly instructed regarding the differences between lay and expert testimony, as well as how to evaluate both lay and expert testimony. Moreover, the trial court specifically instructed the jury that it was free to reject Rospierski's expert testimony. Taken as a whole, these instructions reduced any risk that the jury would conflate Rospierski's dual role or that it would give undue weight to her expert testimony, and the instructions therefore adequately protected defendant's rights. *People v Martin*, 271 Mich App 280, 337-338; 721 NW2d 815 (2006).

## IV. AMENDMENT OF INFORMATION/JURY INSTRUCTIONS

Defendant next argues that the trial court abused its discretion in amending Count IV of the information. We disagree. At the outset, we disagree with defendant's characterization that the trial court amended the information. The information alleged four counts of CSC-II; each count only generally alleged that defendant engaged in sexual contact with SD, without specifying what part of SD's body was touched. It was the trial court's preliminary instructions that specifically indicated for Count IV that defendant allegedly had touched SD's vagina. As noted above, the trial court expressed concern with the preliminary instructions following SD's initial testimony, and ultimately amended the final instructions to reference, in Count IV, an alleged touching of SD's "groin and/or vagina." By doing so, the trial court did not broaden the scope of the information or otherwise alter the elements of the offense. Thus, the trial court's change in instructions did not amount to an amendment of the information. Nevertheless, even assuming an amendment occurred, reversal is not warranted.

"Both MCL 767.76 and MCR 6.112(H) authorize a trial court to amend an information before, during or after trial." *People v McGee*, 258 Mich App 683, 686; 672 NW2d 191 (2003). The only legal obstacle to doing so is "whether the amendment would cause undue prejudice to the defendant because of 'unfair surprise, inadequate notice, or insufficient opportunity to defend.'" *Id*. at 690, quoting *People v Goecke*, 457 Mich 442, 462; 579 NW2d 868 (1998). Here, as noted above, the information generally alleged four counts of "sexual contact"[2]; the specificity in the charges, as reflected in the preliminary instructions, was based on SD's preliminary examination testimony, wherein she alleged, in relevant part, that defendant had touched her vagina. Defendant was therefore sufficiently on notice of the allegations by the time of trial. Defendant's theory of defense was that he never touched SD in *any* inappropriate areas or for a sexual purpose, and that SD was fabricating the allegations. Thus, changing the final instructions regarding Count IV to reference defendant's alleged touching of SD's "groin and/or

---

[2] " 'Sexual contact' includes the intentional touching of the victim's … intimate parts or the intentional touching of the clothing covering the immediate area of the victim's … intimate parts . . . ." MCL 750.520a(q). " 'Intimate parts' includes the primary genital area, groin, inner thigh, buttock, or breast of a human being." MCL 750.520c(f). Defendant does not contend that the conduct alleged in the information or referenced in the preliminary or final jury instructions fell outside of these definitions.

vagina" instead of merely her "vagina" did not result in unfair surprise, nor did it force defendant to alter his theory of defense. See *McGee*, 258 Mich App at 692-693. Further, the final instructions "adequately protected the defendant's rights by fairly presenting to the jury the issues to be tried." *Martin*, 271 Mich App at 337-338.

## V. DENIAL OF DIRECTED VERDICT

Finally, defendant argues that the trial court erred in denying his motion for a directed verdict as to Count I of the information, which was the Count based on defendant's alleged touching of SD's inner thigh. "When reviewing a trial court's decision on a motion for a directed verdict, this Court reviews the record de novo to determine whether the evidence, viewed in the light most favorable to the prosecution, could persuade a rational trier of fact that the essential elements of the crime charged were proved beyond a reasonable doubt." *People v Parker*, 288 Mich App 500, 504; 795 NW2d 596 (2010).

To support a conviction for CSC-II based on this alleged touching, the prosecution was required to prove, beyond a reasonable doubt, that defendant intentionally touched SD's inner thigh, that the touching could reasonably be construed as being for the purpose of sexual arousal or gratification or done for a sexual purpose, and that SD was under the age of 13. MCL 750.520c(1)(a); MCL 750.520a(f), (q). Defendant does not dispute that SD was under the age of 13 at the time of the encounter. Likewise, defendant does not dispute, and the evidence supports, that the touching could reasonably be construed as being for the purpose of sexual arousal or gratification, given SD's testimony that defendant told her she was pretty, that he said that he would date her if he were her age, and that he had an erection while she was on his lap.

Defendant's sole contention, in arguing that a directed verdict was appropriate, is that there was insufficient evidence that he had touched SD's inner thigh. We disagree. First and foremost, defendant concedes that, upon being recalled, SD specifically clarified that defendant had touched her inner thigh. Defendant's argument thus rests on his position, which we have already rejected, that the trial court should not have allowed SD to be recalled. In light of our conclusion that the trial court did not abuse its discretion in allowing SD to be recalled, this testimony was properly considered by the trial court. See *People v Schultz*, 246 Mich App 695, 702; 635 NW2d 491 (2001) (In ruling on a motion for directed verdict, the trial court is required to "consider in the light most favorable to the prosecutor the evidence presented by the prosecutor up to the time the motion [was] made."). Therefore, there was sufficient evidence to support this conviction.

Affirmed.

/s/ Patrick M. Meter
/s/ David H. Sawyer
/s/ Mark T. Boonstra