# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

STEVE NAFIE GATIE,

        Defendant-Appellant.

UNPUBLISHED
January 24, 2017

No. 329572
Wayne Circuit Court
LC No. 14-007383-01-FH

Before: BECKERING, P.J., and SAWYER and SAAD, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial conviction of carrying a concealed weapon (CCW), MCL 750.227, for which he was sentenced to one year of probation. We affirm.

On July 12, 2014, Detroit police officers heard "loud bangs" indicative of gunfire and drove toward the area of the sound. The officers arrived at a liquor store and saw three individuals at the street corner sidewalk lighting and throwing fireworks into the street. When the officers drove into the parking lot, the men began to walk toward the store. Officer Lonnie Peugh approached defendant and noticed the shape of a handgun underneath defendant's shirt, but a gun was not exposed. Officer Peugh's partner, Officer Alen Ibrahimovic, similarly observed a bulge at defendant's right side underneath his clothes that appeared to be a handgun. A defense witness, Kevin Orow, testified that he and defendant were standing on a sidewalk that wrapped around the store, not on the public sidewalk, and that defendant possessed a gun that was visibly displayed at his side waist. The trial court disbelieved Orow's testimony and found defendant guilty of carrying a concealed weapon.

On appeal, defendant argues that reversal is required because Officer Ibrahimovic violated a sequestration order when he reviewed the preliminary examination testimony of Officer Peugh before Officer Ibrahimovic testified at trial. We disagree.

The trial court's decision to sequester witnesses and any violation of a sequestration order is reviewed for an abuse of discretion. *People v Roberts*, 292 Mich App 492, 502-503; 808 NW2d 290 (2011). The principles addressing the construction of statutes are applicable to the rules of evidence. *People v Jackson*, 498 Mich 246, 257; 869 NW2d 253 (2015). If the plain language of a rule of evidence is unambiguous, its plain meaning is enforced without further judicial construction. *Id*. at 257-258.

-1-

MRE 615 addresses exclusion of witnesses and provides:

> At the request of a party the court may order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause.

In *People v Meconi*, 277 Mich App 651, 654; 746 NW2d 881 (2008), this Court delineated the purpose of sequestration and the remedies available for violation of a sequestration order:

> The purposes of sequestering a witness are to "prevent him from 'coloring' his testimony to conform with the testimony of another," and to aid "in detecting testimony that is less than candid." Additionally, the United States Supreme Court has recognized three sanctions that are available to a trial court to remedy a violation of a sequestration order: "(1) holding the offending witness in contempt; (2) permitting cross-examination concerning the violation; and (3) precluding the witness from testifying." Although usually stated in the context of a defense witness's exclusion in a criminal case, courts have routinely held that exclusion of a witness's testimony is an extreme remedy that should be sparingly used. [Citations omitted.]

At the preliminary examination, defense counsel moved for sequestration of witnesses and the district court instructed all witnesses to wait in the hall. Only Officer Peugh testified at the preliminary examination. The circuit court also ordered sequestration of witnesses at trial. It is undisputed that Officer Ibrahimovic was not present during Officer Peugh's trial testimony. But after Officer Peugh testified, Officer Ibrahimovic was called to the stand and acknowledged that he had read Officer Peugh's preliminary examination testimony. Defendant moved for dismissal, arguing that Officer Ibrahimovic violated the sequestration by reviewing Officer Peugh's prior testimony. The trial court found that there was no violation and denied defendant's motion.

This Court considered and rejected a similar claim in *People v Stanley*, 71 Mich App 56, 61; 246 NW2d 418 (1976). In that case, the defendant alleged that a sequestration order was violated by two police witnesses. Specifically, the trial court had ordered the witnesses sequestered during the trial. It was later learned that two police officers, Rollett and Formes, while sequestered, had discussed Formes's difficulty in identifying the defendant, the suspect he had arrested. Rollett denied describing the defendant to Formes during the conversation. Defense counsel alleged that the conversation violated the sequestration order, but the trial court ruled that the sequestration order was not violated because, although it had excluded the witnesses from the courtroom, it did not order the witnesses to refrain from discussing the case with one another. *Id*. This Court recognized the distinction between the exclusion of witnesses from the courtroom and a directive that witnesses not discuss the case, and held that the trial court did not abuse its discretion by allowing the witnesses to testify, explaining:

We agree with defendant that one of the purposes of the sequestration of a witness is to prevent him from "coloring" his testimony to conform with the testimony of another. When witnesses are excluded from the courtroom, however, they are not automatically put on notice that they are not to discuss their testimony. We are directed to no statute or court rule which requires a trial judge to caution witnesses not to discuss the case while sequestered.

The exclusion of witnesses from the courtroom is within the discretion of the trial judge. So too is the ordering of the sequestered witnesses not to discuss the evidence while outside the courtroom. We question the efficacy of a sequestration order, however, if the witnesses are not ordered not to discuss the evidence. We agree with the opinion of another court which faced the same question:

> We wish to indicate our view, however, that ordinarily, when a judge exercises his discretion to exclude witnesses from the courtroom, it would seem proper for him to take the further step of making the exclusion effective to accomplish the desired result of preventing the witnesses from comparing the testimony they are about to give. If witnesses are excluded but not cautioned against communicating during the trial, the benefit of the exclusion may be largely destroyed.

Failure to so caution the witnesses, however, does not constitute reversible error absent abuse of discretion in ruling on a request for such a warning.

In the instant case the trial court was not asked to caution the witnesses nor did he abuse his discretion in permitting the witnesses to testify, as there was no violation of the sequestration order. We find further that defendant Stanley was not prejudiced by the conversation of the witnesses. Rollett testified that Formes had not described defendant Stanley to him and that the conversation concerned only Formes' difficulty in identifying the defendant. We note that defendant Stanley was also identified with fingerprints as the person Formes arrested. There was no error. [*Id*. at 61-63 (citations omitted).]

In the instant case, the trial court similarly did not err in concluding that there was no violation of the sequestration order. At the preliminary examination, defense counsel merely moved to "sequester any and all witnesses with the exception of the officer in charge," and the district court instructed the witnesses to step into the hallway until further notice. The defense did not request that the court further instruct the witnesses that they could not discuss the case. Similarly, at the bench trial, defense counsel requested sequestration of the witnesses and did not request further instruction regarding discussion of the case or review of documents or prior testimony pertaining to the case. It is undisputed that Officer Ibrahimovic was not present during Officer Peugh's trial testimony.

Furthermore, the plain language of MRE 615 allows the court to order exclusion of witnesses "so that they cannot hear the testimony of other witnesses." *Jackson*, 498 Mich at 257-

258. Officer Ibrahimovic did not "hear" the testimony of other witnesses. Apparently, in preparation for trial, the officer reviewed the prosecutor's file, which contained the preliminary examination transcript. However, the officer's exclusion from the courtroom did not include direction regarding the rationale for the exclusion or require that he take preventive measures consistent with that rationale, such as not reviewing the police reports or prior testimony of his partners. Accordingly, the trial court did not err in finding that there was no violation of the sequestration order.

Defendant contends that he was prejudiced by Officer Ibrahimovic's review of the preliminary examination transcript because the officer was not previously subject to cross-examination and he was able to conform his testimony to that previously provided by Officer Peugh, and thereby buttress the credibility of Officer Peugh's testimony. However, the trial court allowed defendant to cross-examine Officer Ibrahimovic regarding the claimed violation, thereby enabling the trial court, as the trier of fact, to determine the impact, if any, of Officer Ibrahimovic's review on the credibility of each officer's testimony. Although the trial court did not err in finding that the sequestration order was not violated, defendant's contention that he was prejudiced by any violation of the sequestration order is also without record support.[1]

Affirmed.

/s/ Jane M. Beckering
/s/ David H. Sawyer
/s/ Henry William Saad

---

[1] Going forward, we recommend that the trial court take the further step of ordering witnesses not to read one another's testimony or discuss the case if they have not already testified themselves.