*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

EUGENE MARCEL BURTON,

Defendant-Appellant.

UNPUBLISHED
March 20, 2025
11:39 AM

No. 370925
Ingham Circuit Court
LC No. 22-000450-FC

Before: CAMERON, P.J., and GARRETT and MARIANI, JJ.

PER CURIAM.

Defendant, Eugene Marcel Burton, was involved in a dispute with another man at a house in Lansing. As Burton drove by the home shortly thereafter, gunfire from his vehicle injured two people at the home. As a result of the incident, a jury convicted Burton of two counts of assault with intent to murder, MCL 750.83, two counts of discharging a firearm from a vehicle, MCL 750.234a, one count of carrying a concealed weapon, MCL 750.227, and one count of felon in possession of a firearm, MCL 750.224f. Burton appeals by right, arguing that the trial court erroneously admitted tainted testimony because a witness violated a sequestration order by telling his girlfriend about his testimony before she testified. Burton also challenges the sufficiency of the evidence to support that he was the shooter. Because Burton has failed to establish plain error regarding the admission of the witness's testimony and the evidence was sufficient to support his convictions, we affirm.

## I. BACKGROUND AND PROCEEDINGS

While at a birthday party, Burton became involved in an argument with another partygoer, Edward Johnson, about whether Johnson had "shot up" Burton's sister's house. Burton left the party and got into a dark-colored vehicle. Nobody got into the vehicle with him. He drove away from the house and turned the vehicle around a few blocks down the street. As he drove by the house, Larissa Ralston-School and McKenzie Lumley suffered gunshot wounds. Ralston-School testified that she saw Burton in the vehicle "clear as day" because the car window was down. The police arrested Burton after witnesses identified him as the shooter. During trial, most witnesses

were uncooperative and had to be brought in on detainer.  Many witnesses also provided accounts different from statements that they had made to the police.

## II.  ADMISSION OF EVIDENCE

On the third day of trial, the trial court admitted Ralston-School's testimony.  The night before she testified, she spoke to Johnson, who had already testified at trial.  In violation of a sequestration order, Johnson contacted Ralston-School by phone from the county jail where he was held after he testified.  When the trial court asked about her conversation with Johnson, Ralston-School responded that Johnson did not tell her about his testimony.  After the court informed her that the conversation had been recorded, she admitted that Johnson told her about his testimony.  The court asked Ralston-School if her conversation with Johnson would taint her testimony, and she responded that it would not.  The court offered the prosecution and defense counsel an opportunity to question Ralston-School before she testified, and both declined.  Burton argues that the trial court abused its discretion by admitting Ralston-School's testimony and that Ralston-School's initial denial that Johnson had told her about his testimony rendered her testimony "highly suspect and unreliable."

To preserve an evidentiary issue for appellate review, the party opposing the admission of evidence must object at trial and assert the same basis for objection on appeal.  MRE 103(a)(1); *People v Thorpe*, 504 Mich 230, 252; 934 NW2d 693 (2019).  Because Burton did not object to Ralston-School's testimony, he failed to preserve his argument for appellate review.  *People v Davis*, 509 Mich 52, 64; 983 NW2d 325 (2022).  Accordingly, our review is limited to plain error affecting his substantial rights.  *People v Fackelman*, 489 Mich 515, 537; 802 NW2d 552 (2011).  "To avoid forfeiture under the plain error rule, three requirements must be met:  1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights," meaning that it affected the outcome of the proceedings.  *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).  Once these requirements are satisfied, "an appellate court must exercise its discretion in deciding whether to reverse."  *Id*.  Reversal is not warranted if the plain, forfeited error did not "result[] in the conviction of an actually innocent defendant" or did not seriously affect the fairness, integrity, or public reputation of judicial proceedings.  *Id*. at 763-764.

The purposes of a witness-sequestration order are to prevent witnesses from altering their testimony to conform to the testimony of others and "to aid in detecting testimony that is less than candid."  *People v Meconi*, 277 Mich App 651, 654; 746 NW2d 881 (2008) (quotation marks and citation omitted).

> [T]he United States Supreme Court has recognized three sanctions that are available to a trial court to remedy a violation of a sequestration order: (1) holding the offending witness in contempt; (2) permitting cross-examination concerning the violation; and (3) precluding the witness from testifying.  [*Id.* (quotation marks and citations omitted).]

"[E]xclusion of a witness's testimony is an extreme remedy that should be sparingly used."  *Id*.

Burton does not point to a specific portion of Ralston-School's testimony that he asserts was unreliable or tainted.  Rather, he contends that her testimony, seemingly as a whole, was

"highly suspect and unreliable" because she initially denied that Johnson had told her about his testimony and admitted the truth only when confronted with the fact that her conversation with Johnson had been recorded. Matters of witness credibility, however, are for the jury to determine. *People v Solloway*, 316 Mich App 174, 181; 891 NW2d 255 (2016). In addition, the trial court offered counsel the opportunity to question Ralston-School regarding the sequestration violation, but they declined. Further, Ralston-School did not conform her testimony to Johnson's testimony, which conflicted with her testimony in many respects. Most notably, although Johnson denied that he knew who the shooter was, Ralston-School identified Burton as the shooter. Accordingly, the admission of Ralston-School's testimony did not thwart the purpose of the sequestration order.

Burton also argues that Ralston-School's testimony should have been excluded under MRE 403 because the danger of unfair prejudice outweighed the probative value of the evidence. Although "[a]ll relevant evidence is prejudicial; only *unfairly* prejudicial evidence may be excluded." *People v Danto*, 294 Mich App 596, 600; 822 NW2d 600 (2011) (emphasis in original). Evidence is unfairly prejudicial if there exists a danger that the jury will accord marginally relevant evidence undue weight. *People v Kowalski*, 492 Mich 106, 137; 821 NW2d 14 (2012). Burton fails to indicate how Ralston-School's testimony was unfairly prejudicial other than to assert that it was unreliable. As previously stated, witness credibility is an issue for the jury to determine. *Solloway*, 316 Mich App at 181. In any event, Ralston-School's testimony was not merely marginally probative. Rather, it was highly probative of Burton's identity as the shooter, which was the ultimate issue at trial. Accordingly, the trial court did not plainly err by admitting the testimony.

## III. SUFFICIENCY OF THE EVIDENCE

Burton also argues that the prosecution failed to present sufficient evidence to establish his identity as the shooter. We review de novo a challenge to the sufficiency of the evidence. *People v Wang*, 505 Mich 239, 251; 952 NW2d 334 (2020). "We view the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could have found the essential elements of the crime to have been proved beyond a reasonable doubt." *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). We must draw all reasonable inferences and decide issues of credibility in support of the jury's verdict. *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018). "Circumstantial evidence and reasonable inferences arising from the evidence can constitute satisfactory proof of the elements of a crime." *People v Harverson*, 291 Mich App 171, 175; 804 NW2d 757 (2010) (quotation marks, brackets, and citation omitted).

The defendant's identity as the perpetrator "is an element of every offense." *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). The prosecution may establish identity through circumstantial evidence. *People v Bass*, 317 Mich App 241, 264; 893 NW2d 140 (2016). Multiple witnesses testified that Burton was involved in an altercation with Johnson before he left the party. Billie Ralston saw Burton get into his vehicle alone and saw the vehicle turn around and head back toward the house. Numerous witnesses heard gunshots as Burton's vehicle drove by the house. The window of the car was down, and Ralston-School saw Burton "clear as day" before she felt hot and saw blood on her chest. In addition, a few of the witnesses gave statements to the police, identifying Burton as the shooter by his nickname. Accordingly, viewing the evidence in the light

most favorable to the prosecution, the evidence was sufficient to establish Burton's identity as the shooter.

Affirmed.

/s/ Thomas C. Cameron
/s/ Kristina Robinson Garrett
/s/ Philip P. Mariani